Booth *against* Patrick and another. (*a*)

Where an action was brought on an administrator's bond; to which the defendants pleaded performance; and the plaintiff replied, that the intestate, at the time of his death, owned two pieces of land, which came to the hands of the administrator, but which he had neglected to inventory; and this replication being traversed, issue was joined thereon; on the trial of the cause, on this issue, the plaintiff claimed and adduced evidence to prove, that a deed, which the intestate had given of the land mentioned in the replication, was fraudulent; the defendants denied that such deed was fraudulent, and claimed, that if it was, the administrator had no knowledge of that fact; it was held, that proof of such knowledge was essential to the plaintiff's recovery, as it would be unjust to subject the administrator to the payment of damages for neglecting to inventory such property, as might appear, on an investigation of the title, to have belonged to the intestate, when the administrator had no knowledge of the fact.

THIS was an action brought in the name of *Reuben Booth,* Esq. judge of probate for the district of *Danbury,* on a bond executed by *Theophilus Patrick* and *Stiles Patrick,* to the plaintiff, the condition of which was, in the form prescribed by statute, (*p.* 201.) that *Theophilus Patrick,* as administrator of the estate of *James Patrick,* deceased, should faithfully discharge the duties of his trust.

The defendants pleaded performance, setting forth the condition in their plea.

The plaintiff replied as follows : " That the said *James Patrick,* while in full life, and at the time of his decease, was justly indebted to *Philip Bradley,* for whose benefit this action is prosecuted, in the sum of 82 dollars, 63 cents ; which debt the said *Theophilus* hath never paid, but hath at all times neglected and refused so to do, although the said *James Patrick,* at the time of his decease, was possessed of goods and estate more than sufficient to pay said debt, and all other debts due from his estate ; which goods and estate came to the hands of the said *Theophilus,* to be by him administered according to law ; that said *James Patrick,* at the time of his death, was well seised and possessed of, and owned as his proper estate, two certain tracts of land, lying in *Ridgefield,* bounded, &c. both of the value of 1140 dollars ; which lands came to the hands of the said *Theophilus,* as administrator on the estate of the said *James*

(*a*) This case was omitted in its proper place, among the decisions of 1829, by mistake.

*Patrick*, deceased, and were in the hands of the said *Theophilus* liable to the payment of the debt so due to the said *Philip Bradley;* yet the said *Theophilus Patrick* did not, on or before the 28th of *April* 1824, or at any time thereafter, exhibit or cause to be exhibited into the registry of the court of probate for the district of *Danbury* an inventory of said tracts of land, or either of them, or any part thereof, but hath, at all times, neglected and refused so to do ; and, with intent to defraud the said *Philip Bradley* of his said debt, falsely represented to said court of probate, that the estate of the said *James Patrick*, deceased, was insolvent, and insufficient to pay the debts due therefrom, and proceeded to settle the same as an insolvent estate, contrary to the tenor and meaning of the condition of said writing obligatory."

This replication was traversed, by the defendants ; on which issue was joined.

The cause was tried, on this issue, at *Fairfield*, at an adjourned term in *April*, 1829, before *Daggett*, J.

On the trial, the defendants gave in evidence a deed from *James Patrick* to *Stiles Patrick*, his son, one of the defendants, and to *Polly*, his wife, of the land mentioned in the plaintiff's replication, and a deed from them, executed at the same time, to *James Patrick* and wife. The plaintiff proved, that said *James Patrick* died in possession of the premises, in 1822 ; and offered evidence to prove, and claimed that he had proved, that the deed given by him to his wife and son, were fraudulent and void. The defendants admitted, that they knew, that *James Patrick* was in possession, but insisted, that the deed was *bona fide,* and that no notice was given to them of any claim that it was fraudulent ; and further insisted, that *Theophilus Patrick*, the administrator, did not know, nor had any reason to believe, that it was fraudulent. The judge charged the jury, that if they should find such deed fraudulent, they must return a verdict for the plaintiff.

The plaintiff had a verdict ; and the defendants moved for a new trial, for a misdirection.

*Sherman* and *Booth*, in support of the motion, insisted, That an administrator is not liable for not inventorying property of which he has no knowledge. The condition of the bond, which, being in the form prescribed by law, is the measure of his liability, requires him to inventory only " the goods, chattels,

*Fairfield,*
June, 1829.

Booth
*v*
Patrick.

*Fairfield,*
June, 1829.

Booth
*v.*
Patrick.

credits and estate of the deceased, which have or shall come to his hands, possession or *knowledge.*" *Stat.* 201. The knowledge of the administrator was the substance of the matter in issue ; as real estate could not come to his hands, unless he had knowledge of it.

*Betts,* contra, insisted, That the knowledge of the administrator was not put in issue by the pleadings, nor presented by the record. The issue was, whether the land did, or did not, belong to the estate of the intestate. This turned on the question, whether the deed was fraudulent ; and this question was properly submitted to the jury.

DAGGETT, J. In this action, it was essential to the plaintiff's recovery, to prove, that goods or estate of the deceased " came to the hands, possession or knowledge" of the administrator, *Theophilus Patrick,* and were not by him inventoried. Our statute, (*p.* 201. *tit.* Estates. *s.* 11.) in which the form of the bond is prescribed, has so provided. This seems also reasonable ; for it would be unjust to subject the administrator to the payment of damages for neglecting to inventory such property as might appear, on an investigation of the title, to have belonged to the deceased, when the administrator had no knowledge of the fact. Had the conveyance of the land alleged to have been the estate of the deceased, been made to *Theophilus Patrick,* the administrator, and had it been fraudulent, doubtless *he* could never have been permitted to allege his ignorance. In that case, he would have been liable, and his surety too, for not treating it as the property of the deceased, and rendering it liable for his debts. But the conveyance, alleged to have been fraudulent, was made to *Stiles Patrick,* the defendant, who was only surety. The surety can be only liable to the extent of the liability of his principal ; and hence the charge was erroneous. It placed the ground of recovery simply on the question, whether the deed from *James,* the deceased, to *Stiles* and *Polly,* was fraudulent. As that was the principal point in discussion, the court omitted in the instruction to the jury, to state what should have been stated, *viz.* a *knowledge* in the administrator that the deed was fraudulent. For this reason, the charge was erroneous ; and a new trial must, therefore, be granted.

The other Judges were of the same opinion, except BISSELL,

J., who gave no opinion, having been of counsel in the *Fairfield,* cause.