### CALVIN E. PRATT vs. WILLIAM A. WHEELER.

In an officer's return of the levy of an execution upon land, a clerical error as to the fractional part set off may be amended by leave of court, when enough appears on the levy to amend by, even pending a writ of entry brought by one claiming under the debtor.

A general attachment of all a debtor's interest in any real estate in the county will hold real estate fraudulently conveyed by the debtor by deed duly recorded.

The assignee of an insolvent debtor takes no better title than the debtor to land held by the latter under a conveyance fraudulent against the creditors of the grantor.

WRIT OF ENTRY by the assignee of James H. Bancroft, an insolvent debtor, to recover a lot of land in Worcester. Trial before *Thomas*, J., who reserved the case for the decision of the full court upon the following report:

Both parties claimed title to the premises under Taft & Gleason. The demandant gave in evidence the following deeds thereof, all duly recorded: one from Taft & Gleason to Bancroft, dated October 7th 1854; one from Bancroft to Edward Lamb, dated March 24th 1855, which was admitted to be without consideration and fraudulent as against Bancroft's creditors; and an assignment to the demandant by a commissioner of insolvency, dated May 10th 1855, and recorded, conveying all Bancroft's estate which was liable to be so conveyed on the 27th of April previous, which was the day of the first publication of notice that a warrant had issued against his estate.

The tenant claimed title under a levy upon the premises as the property of Taft & Gleason, on the 6th of July 1855, of an execution issued upon a judgment recovered in the court of common pleas in an action commenced by him on the 3d of April 1855, on a debt due him from Taft & Gleason, in which action a general attachment was made on said 3d of April of " all the interest of said Taft & Gleason in any real estate in the county of Worcester," and duly recorded.

It appeared by the officer's return upon the execution that the amount of the debt and costs, with the costs of the levy, was $1565.41; that the appraised value of the estate levied upon was $2500; and that the amount appraised and set off to the

tenant was "one hundred and fifty six thousand five hundred and forty one undivided thousandth parts thereof."

The demandant contended that the levy was upon its face void, because the portion set off to the tenant was $\frac{156,541}{1,000}$. The tenant contended that this defect, (which was admitted to be merely a clerical error,) was capable of amendment, and that the certificate of the appraisers and the return of the officer might both be amended so as to read $\frac{156,541}{250,000}$. The demandant agreed that if, in the opinion of the full court, the court of common pleas could legally, and in the exercise of their discretion ought to allow the amendment, then it should be allowed by this court on such terms, and with such effect on the demandant's rights, as if made by order of the court of common pleas at the same date. For the purposes of the trial, the presiding judge permitted the amendment to be made.

The tenant then offered to prove that the deed from Taft & Gleason to Bancroft was made without consideration and to protect the property of Taft & Gleason from attachment; and contended that it was therefore void as against their creditors; and the presiding judge so ruled, against the objection of the demandant, and submitted this question of fraud to the jury, who found in favor of the tenant.

*D. Foster*, for the demandant. 1. The defect in the appraisement made the levy void, even against the debtor himself, or one claiming under a voluntary conveyance from him. *Leonard* v. *Bryant*, 2 Cush. 38. *Whithed* v. *Mallory*, 4 Cush. 140. There is no case in this commonwealth, in which a levy upon real estate has been allowed to be amended after a return of the execution. If it could be done, many levies might have been made good by amendment, which have been set aside for some little mistake, such as omission to state that the appraisers were "disinterested and discreet men," or that the debtor had neglected to appoint one of them. *Bradley* v. *Bassett*, 2 Cush. 417. *Leonard* v. *Bryant*, 2 Cush. 37. In any view, it cannot be done pending this action, so as to defeat the demandant's right to recover. *Hall* v. *Bell*, 6 Met. 431.

2. Where real estate stands in the name of another than the

defendant, a general attachment of all the defendant's interest in any real estate in the county is insufficient. The object of requiring a record of attachments is to give notice. But here the record title was in Lamb, and there was nothing on record to show that this specific property was held by Taft & Gleason. It cannot be pretended that a *bona fide* purchaser would be affected by such notice.

3. The assignee of an insolvent debtor takes, under *St.* 1838, c. 163, § 5, all property that could be attached or taken on execution against the debtor; that is, he takes as a purchaser for value without notice, so that the question of fraud is not open against him.

*P. C. Bacon & P. E. Aldrich,* for the tenant.

SHAW, C. J. In the present case, the court of common pleas had ample authority to permit the officer and appraisers to amend their return of the levy of execution so as to make it conform to the truth, inasmuch as it was a mere clerical error in stating the fractional undivided part of the described premises, and there were ample materials to amend by. *Haven* v. *Snow,* 14 Pick. 28 *Hovey* v. *Wait,* 17 Pick. 196. *Bates* v. *Willard,* 10 Met. 62. *Balch* v. *Shaw,* 7 Cush. 282. *Buck* v. *Hardy,* 6 Greenl. 162. *Whittier* v. *Varney,* 10 N. H. 291.

2. The court are of opinion that the attachment on mesne process, though in general terms, was sufficient to bind the estate afterwards levied on, if then liable to be attached by Wheeler, for a debt due him from Taft & Gleason, provided it was followed up by a valid judgment, and an execution seasonably levied, by a specific and full description sufficient to identify the estate. *Taylor* v. *Mixter,* 11 Pick. 341.

It is stated in the argument, that this rule ought not to apply, where the estate attached does not stand in the name of this debtor. No authority is cited for this distinction. Perhaps it is founded on the supposed misdescription in the return, as " of all the interest of Taft & Gleason," the defendants, when they had conveyed it away and had no interest. But it seems to us that this distinction cannot be thus sustained. The theory of the law is, that such a deed by a debtor, to defraud creditors,

passes nothing; for all purposes of attachment, the estate is the property of the debtor, it is attached as his, levied upon as his, the title by force of the levy passes directly from the debtor to the execution creditor, the intermediate deed is void, and therefore the estate is not misdescribed as the estate of the debtor, though such void deed be on record.

3. The demandant, as assignee under insolvency proceedings, took all the estate which Bancroft, his insolvent, had in the premises; but if Bancroft, the insolvent, held under a deed made by Taft & Gleason to defeat or defraud their creditors, he took a defeasible estate only, subject to be defeated by any creditor of Taft & Gleason; and Wheeler being such creditor, and having attached the estate as the property of Taft & Gleason, to that extent defeated the title of the demandant as assignee of Bancroft. *Judgment on the verdict for the tenant.*