HOMER F. BASSETT, ADMINISTRATOR, *vs.* FRANCIS McKENNA.

It is the right and duty of an administrator to inventory property fraudulently conveyed by the intestate, where it is needed for the payment of debts, and to institute all necessary proceedings to appropriate the property to that use.

For the purpose of showing that the property is needed for the payment of debts, the report of the commissioners on the insolvent estate of the intestate is admissible, to show that the estate is indebted in the several amounts therein stated.

The conveyance being fraudulent and therefore void against all creditors of the intestate, must be regarded as fraudulent and void against all creditors who have established their claims against the estate in the manner provided by law.

A suit was pending against a debtor which was abated by his death and

Bassett, Adm'r, v. McKenna.

which could not be revived against his administrator by reason of the insolvency of his estate. At the time the suit was brought the debt was not barred by the statute of limitations, but a sufficient time had elapsed to bar it at the time of the debtor's death. Held that the suit arrested the running of the statute and that the debt was therefore not barred at the time of the debtor's death.

A debtor conveyed away his property to avoid an attachment by a particular creditor. Held that an agreement of the debtor with the grantee that the latter should pay what was justly due on the debt, did not save the conveyance from being fraudulent.

And being fraudulent, it was void as to subsequent as well as existing creditors.

The property fraudulently conveyed was all the estate of the debtor, and the grantee had refused to pay any of the debts from it. Held that it was properly chargeable with the expenses of administration as well as with the debts proved against the estate.

[Argued March 3d—decided May 20th, 1885.]

*Note.* The foregoing case was argued by agreement at the Hartford term in March, 1885, before the four Judges who sat at the New Haven term and Judge SANFORD of the Superior Court.

SUIT to set aside a fraudulent deed; brought to the Superior Court, and tried before *Beardsley, J.* Facts found and judgment rendered for the plaintiff. Appeal by the defendant. The case is sufficiently stated in the opinion.

*G. E. Terry* for the appellant.

*C. W. Gillette* and *J. O'Neil* for the appellee.

CARPENTER, J. This is an action by an administrator to set aside a fraudulent deed for the benefit of creditors. The Superior Court rendered judgment for the plaintiff in respect to existing creditors, and for the defendant in respect to subsequent creditors and the expenses of administration. Both parties appealed.

The first reason of appeal assigned by the defendant is that the plaintiff, as administrator, cannot maintain the action.

It is too late in Connecticut to question the right and the duty of an administrator to inventory property fraudu-

lently conveyed by his intestate, when that property is needed for the payment of debts, and to institute all necessary proceedings to appropriate the property to that use. 1 Swift's Digest, 277; *Minor* v. *Mead*, 3 Conn., 289; *Booth* v. *Patrick*, 8 Conn., 106; *Andrus* v. *Doolittle*, 11 Conn., 283. In this respect there is a close analogy between executors and administrators, and trustees of insolvent estates and receivers of corporations. In cases of trustees and receivers the principle has been recently recognized, and in one case applied. *Filley* v. *King*, 49 Conn., 211; *Crandall et al., Receivers*, v. *Lincoln et al.*, 52 Conn., 73; *Greene, Receiver*, v. *The A. & W. Sprague Manuf. Co. et al.*, 52 Conn., 330.

The estate of Reynolds, the plaintiff's intestate, is found to be insolvent. The defendant objected to the admission of the report of the commissioners on the estate for any purpose. The court admitted it for the purpose of proving that the estate was indebted in the several amounts therein stated. By that we understand that it was admitted to show the amount of indebtedness solely for the purposes of this case. As the report of the commissioners is the only evidence of the existence and amount of the debts as between the estate and the creditors, it is reasonable that in this proceeding, the object of which is to supply the estate with funds for the payment of the debts, the plaintiff should be permitted to show the amount of the debts by the report itself; at least, it is admissible for that purpose. A fraudulent grantee, or any one who is bound to contribute to the fund for the payment of the debts, sustains such a relation to the report that it may well be admitted against him. He is in some sense privy to it.

It appears that the report was the only evidence of any indebtedness to Michael Carroll, one of the creditors; and it is insisted that the court erred in finding that Reynolds was indebted to him upon that evidence. But the point to be proved was not the existence of the indebtedness to Michael Carroll as an independent and absolute fact, but that it was one of the claims that had been established

against the estate. The commissioners having allowed it, and the time for an appeal having passed by, the claim stood as one that must be paid if there were assets to pay it with. It stood therefore as a proved claim for this purpose, though not for any other. The conveyance to the defendant being fraudulent and therefore void against all creditors of the estate, it must be regarded as fraudulent and void against all creditors who have established their claims against the estate in the manner provided by law.

The third count in the complaint is to recover the value of certain personal property alleged to have been owned by Reynolds and taken away during his lifetime by the defendant. This count, as the record shows, was withdrawn by leave of the court, without cost, while the case was pending before the district court of Waterbury. The Superior Court inadvertently found certain facts relating to the personal property, and rendered judgment for the plaintiff to recover one dollar damages on that count, which sum the plaintiff remitted. There is no such error here as requires us to reverse the judgment. The defendant was not entitled to a judgment for costs on that count because it was not taken before the Superior Court by the appeal.

There is no error in respect to the statute of limitations. The statute was not pleaded. Whether advantage was taken of it or not before the commissioners does not appear. The services of Catharine Carroll commenced in May, 1870. She commenced a suit in May, 1876, soon after May 8th. Evidently no part of the claim was then barred. Afterwards Reynolds, the defendant, died. His estate was insolvent, and was in process of settlement as an insolvent estate. The suit abated by the death of the defendant, and could not be revived against his representative because of the insolvency. We think the suit arrested the operation of the statute, and it never afterwards commenced to run.

The question presented by the plaintiff's appeal is whether the deed, being fraudulent, can be avoided for the benefit of subsequent creditors. The court below held that it could

not; that it could only be avoided for the benefit of existing creditors. It is found that the conveyance was made for the purpose of defrauding and avoiding the claim of Catharine Carroll, but not for the purpose of defeating the claim of any other creditor whatever. In the supplemental finding it appears that the conveyance was made for the purpose of preventing an attachment by Catharine Carroll, and that this intention was known to the defendant at the time the conveyance was made. In another respect the finding is not as explicit as could be desired. One clause is:—"No claim or demand has ever been made upon the defendant to pay any of the aforesaid claims under the terms of his said purchase." The "aforesaid claims" include the existing claims, that of Catharine Carroll being one of them. It does not appear expressly that the defendant agreed with Reynolds to pay those claims, but there is a strong implication to that effect. In addition to that the counsel for the defendant assert it, and the plaintiff's counsel do not deny it. Assuming that to be so, it may be claimed that the intention was simply to prevent an attachment; that Catharine Carroll's claim was denied by Reynolds, but that in the conveyance it was arranged that whatever was really due her should be paid; that there was no real intention ultimately to defraud her; and, that being so, the defendant cannot justly be regarded as a party to the fraud. But we think it is quite clear that the defendant knowingly assisted in placing the real estate beyond the reach of attachment; and that that was calculated to hinder, delay and obstruct her in the collection of her debt, and that such action was necessarily fraudulent. The agreement of the defendant to pay the debt, if any should be found due, did not relieve the transaction of its fraudulent character. A creditor is not bound to accept a secret verbal promise to pay his claim as a substitute for visible attachable property. We think therefore that the defendant must be considered as having actually participated in the fraud.

But the defendant claims that this conveyance, although void as to existing creditors, is not void as to subsequent

ones. This claim is doubtless founded upon the idea that the defendant was not a party to the fraud; for the high authority cited says:—"Where the conveyance is intentionally made to defraud creditors, it seems perfectly reasonable that it should be held void as to all subsequent, as well as to all prior creditors, on account of ill faith. But where the conveyance is *bonâ fide* made, and under circumstances demonstrative of the non-existence of any intention to defraud any creditor, there seems to be some difficulty in perceiving how the subsequent creditors can make out any right as against the voluntary grantees, through the equity of the antecedent creditors." 1 Story Eq. Jur., § 361.

In this case, as we have seen, the defendant is justly chargeable with a fraudulent intent. That being so, and the deed being set aside at the instance of the defrauded creditor, the equities of the subsequent creditors are superior to those of the fraudulent grantee. So far the authorities pretty generally agree. Waite on Fraudulent Conveyances, sec. 104; *Norton* v. *Norton*, 5 Cush., 530; *Day* v. *Cooley*, 118 Mass., 524; *Ammon's Appeal*, 63 Penn. St., 284; *McLean* v. *Johnson*, 43 Verm., 49; *Kehr* v. *Smith*, 20 Wall., 36.

A question is made whether the property fraudulently conveyed is chargeable with the expenses of administration. We are not required to discriminate very closely in favor of a fraudulent grantee. Had he offered in the first place to pay the antecedent debts, possibly the expenses of administration, wholly or in part, might have been dispensed with. But instead of that he resisted the payment of any portion of the debts to the last extremity. Administration thereby became necessary in order to vindicate the rights of creditors. As all the property of Reynolds was in the defendant's hands, there was nothing else with which to pay those expenses. It is not unreasonable, therefore, that this property should be held for the payment of those expenses as well as the debts.

This view seems to be sustained by the authorities. In *Freeman* v. *Burnham*, 36 Conn., 469, which was a similar

case, the court held, although the point does not seem to have been discussed, that the administrator should pay from the fund "all proper charges." In *Chase* v. *Redding*, 13 Gray, 418, it was held in a suit by an administrator to recover, for the benefit of creditors, the subject of a *donatio mortis causâ*, that the defendant, if he has not offered in his answer to pay the debts, but has denied that the suit can be maintained against him, will not be exonerated from the payment of costs and expenses of administration.

For these reasons we think the Superior Court erred in limiting the relief granted to the prior indebtedness, and the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.