SUSAN S. SANFORD *vs.* ROBERT G. DEFOREST, ADMINISTRATOR.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Where a mortgagee has refrained from recording a mortgage for more than two years, not from accident or mistake but intentionally to accommodate the mortgagor, she is chargeable with knowledge that by reason of her failure to record said mortgage the records did not disclose the true state of the title to the mortgaged property, and that persons acting in good faith and in reliance upon the record title would be deceived to their injury, if the after-recorded mortgage could be enforced against them. Although she acted in good faith and innocently, such an act is not one which commends itself to a court of equity, especially in an action against the executor or an administrator of an insolvent estate, to foreclose a mortgage not recorded until after the death of the mortgagor whose estate is in process of settlement.

When property has been fraudulently conveyed, or conveyed by a deed not duly recorded, so that it may properly be taken for the payment of the debts of the grantor after his decease, it is the right and duty of his executor or administrator, if such property is needed for the payment of debts, to inventory it, and to institute all proper proceedings to appropriate it to that use.

Although such a mortgage is good between the parties and is binding upon the heirs and devisees of the mortgagor, it is not good as against the creditors of the mortgagor, provided proper legal proceedings are taken to appropriate the property to the satisfaction of the mortgagor's debts. Such proceedings under our law, during the life of the mortgagor, are by attachment or execution levied upon the property, but after the death of the mortgagor the ap-

propriate proceedings are in the Court of Probate with a distribution to the creditors who have properly proved their claims. In such proceedings the executor or administrator acts as an agent of the law and the representative of the creditors. In this respect there is a close analogy between executors and administrators and trustees of insolvent estates and receivers of corporations.

The steps required by law in the settlement of insolvent estates of deceased persons are insolvency proceedings, and the principles which were applied to trustees in insolvency and receivers of corporations (*In re Wilcox & Howe Co.*, 70 Conn. 220, and *Newton Savings Bank* v. *Lawrence*, 71 Conn. 358), are equally applicable to executors and administrators in the settlement of insolvent estates of deceased persons.

The case of *Haskell* v. *Bissell*, 11 Conn. 173, overruled.

Argued June 4th—decided July 26th, 1912.

ACTION to foreclose a mortgage, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* the court overruled plaintiff's demurrer to the answer, and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*Sanford Stoddard,* for the appellant (plaintiff).

*Robert G. DeForest,* for the appellee (defendant).

HALL, C. J. The complaint in this action alleges that on December 4th, 1908, James A. Morris executed and delivered to the plaintiff a mortgage upon certain described real estate to secure the payment of a negotiable note of $1,000, given for money loaned, and payable one year from date; that Morris died, intestate, on the 20th of October, 1910; that the defendant is the administrator of his estate; that the mortgage was recorded November 8th, 1910; that by agreement of the parties the mortgaged property has been sold; and that the proceeds of the sale are held by the defendant to respond to the judgment that may be rendered in this action.

The administrator, who is the sole defendant, filed an answer, alleging that at the time the mortgage was given, and up to the time of his death, Morris was insolvent, and that his estate has been represented and adjudicated insolvent, and is in process of settlement as an insolvent estate, and that, without said mortgaged property, it will pay but a small percentage of the claims proved against it; that ever since the execution of the mortgage credit has been given Morris upon his record title to said property, and without knowledge of the existence of the plaintiff's mortgage; that the plaintiff withheld the mortgage from record from said December 4th, 1908, until December 8th, 1910, at the request of Morris that she should temporarily withhold it from record. The defendant claimed in his answer that, for these reasons, the mortgage was void as against him, and as against the creditors of Morris, who had legally proved their claims against his estate.

To this answer the plaintiff demurred, upon the ground, in substance, that the facts therein alleged did not render the mortgage invalid as against the defendant.

The trial court overruled said demurrer, and, upon the refusal of the plaintiff to plead over, rendered judgment for the defendant. The overruling of the demurrer is in effect the only error assigned by the several reasons of appeal.

It is true, as the plaintiff claims, that the answer contains no averment that the plaintiff refrained from recording the mortgage for the purpose of defrauding or enabling Morris to defraud any person. But it appears that it was not so withheld from record by accident or mistake, but intentionally, and to accommodate Morris. She was chargeable with knowledge that, by reason of her failure to record the mortgage

for nearly two years after it was executed, the records did not disclose the true state of the title to the mortgaged property; and that after the execution of the mortgage, and before it was recorded, persons acting in good faith, and in reliance upon the record title, would be liable to be deceived to their injury, if the after-recorded mortgage could be enforced against them. Manifestly Morris desired that, for a time at least, the existence of this mortgage should not appear of record. The plaintiff knew this fact. Although acting in good faith, she aided Morris in his manifest purpose of concealing the existence of the mortgage from the record. However innocent such an act may be, it is not one which commends itself to a court of equity (*Curtis* v. *Lewis*, 74 Conn. 367, 372, 50 Atl. 878), and especially in actions against executors or administrators of insolvent estates to foreclose mortgages not recorded until after the death of the mortgagors whose estates are in process of settlement.

Our law regarding insolvent debtors (General Statutes, § 262) provides that "no transfer of property withheld from record for the purpose of concealing its existence . . . shall be of any effect against creditors, although such transfer may be recorded . . . before any proceedings in insolvency are instituted, by or against the party making such transfer"; and the settlement of insolvent estates of deceased persons by executors and administrators is, in many respects, quite similar to the settlement of estates by trustees in insolvency proceedings. *Bassett* v. *McKenna*, 52 Conn. 437, 439.

But we do not base our decision of this case upon the ground that the plaintiff was guilty of fraud, nor upon the ground that the mortgage in question was void under the provisions of § 262, but upon the well-established law of this State applicable to the duties

and powers of executors and administrators in the settlement of insolvent estates of deceased persons, and upon certain principles enunciated in recent decisions of this court regarding the effect of unreasonable, though not fraudulent, delay in the recording of deeds.

When property has been fraudulently conveyed, or conveyed by a deed not duly recorded, so that it may properly be taken for the payment of the debts of the grantor after his decease, it is the right and duty of his executor or administrator, if such property is needed for the payment of debts, to inventory it, and to institute all proper proceedings to appropriate it to that use. 1 Swift's Digest, s. p. 277; *Bassett* v. *Mc-Kenna,* 52 Conn. 437, 439; *Munger* v. *Doolan,* 75 Conn. 656, 662, 55 Atl. 169; *Andruss* v. *Doolittle,* 11 Conn. 283.

Since such conveyances are good between the parties, and binding upon the heirs and devisees of the grantor, the title to the property thus inventoried and taken by the executors or administrators of such insolvent estates, beyond the equity of redemption in cases of mortgages, is not, strictly speaking, in the grantor at the time of his death. The property sought to be conveyed by such deeds is property which, as to the creditors of the grantor, may be treated as if no conveyance of it had been made, provided proper legal proceedings are taken to appropriate it to the satisfaction of the grantor's or mortgagor's debts. 1 Swift's Digest, s. p. 277.

Such proper proceeding under our law, during the life of the grantor, is by attachment or execution levied upon the property, in an action by the creditor against the grantor duly pursued to final judgment. *Owen* v. *Dixon,* 17 Conn. 492, 498.

By the death of the grantor, his creditors are deprived of the power of reaching such property by attachment; and the law furnishes another method

of appropriating it for the payment of their debts, where it is needed for that purpose.

As we have shown, the law requires the executors and administrators to inventory it as a part of the insolvent estate; it permits them to bring all necessary actions to appropriate it to the benefit of creditors. It also gives to them, after they have lawfully obtained possession of it, the custody and control of it during the settlement of the estate, and gives to the Court of Probate the power to order the sale of such property, and provides for a distribution of the avails of such sale among creditors who have properly proved their claims. In so far as executors and administrators take part in such proceedings, they act as thè agents of the law and the representatives of the creditors. *In re Wilcox & Howe Co.*, 70 Conn. 220, 232, 39 Atl. 163; *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 366, 41 Atl. 1054, 42 id. 225.

In *Bassett* v. *McKenna*, 52 Conn. 437, in speaking of the acts of executors and administrators of insolvent estates, in inventorying and appropriating for the benefit of creditors property fraudulently conveyed, the court said (p. 439): "In this respect there is a close analogy between executors and administrators and trustees of insolvent estates and receivers of corporations." In *In re Wilcox & Howe Co.*, 70 Conn. 220, 234, 39 Atl. 163, we held that a mortgage, not duly recorded, was not valid against the receiver of a corporation; and in *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 41 Atl. 1054, that it was not valid against a trustee in insolvency.

In *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 41 Atl. 1054, the plaintiff, mortgagee, after the mortgagor had been adjudged insolvent and a trustee had been appointed upon his estate, sought, with other claimed equitable relief, to foreclose a mortgage which had been

executed nearly two years before, but which, through the negligence of the plaintiff's agent, had not been recorded. The controlling question in the case was whether, notwithstanding the failure to record the mortgage deed, the plaintiff had a valid mortgage title as against the trustee in insolvency. In holding that it had not, we said that the rights of creditors to avail themselves of this property by attachment had been suspended by the appointment of the trustee; that by the insolvency proceedings the property was placed in the hands of the law, which, through the medium of the trustee and of the Court of Probate, furnished another method for appropriating the property in question for the payment of Lawrence's creditors, and one by which all the previous rights of creditors to take the property by attachment could be enforced; and that the trustee appointed, became the agent of the law and the representative of the creditors of the insolvent.

The steps which the law requires to be taken by executors and administrators and the Court of Probate in the settlement of the insolvent estates of deceased persons are insolvency proceedings, having the same object as the statutory insolvent proceedings conducted under a trustee in insolvency, namely, the equal distribution among the insolvent's creditors of what the law regards as his estate available for the payment of his debts; and the principles, which in the two cases last cited we applied to trustees in insolvency and to receivers of corporations, are equally applicable to executors and administrators in the settlement of the insolvent estates of deceased persons.

The plaintiff relies upon the case of *Haskell* v. *Bissell,* 11 Conn. 173, which, it is said, has not been overruled, and in which it was held that a mortgage recorded some three years after its execution, and after the death

of the mortgagor, was valid as against the administrator of the mortgagor's insolvent estate; that there was no difference between the effect of a deed recorded in the lifetime of the grantor and one executed in his lifetime and recorded afterward; and that the administrator had no power over property which the decedent did not own at the time of his death.

It is true that this case was not expressly overruled in either of the two cases last above cited, since the question of the validity of an unrecorded mortgage, as against an administrator of an insolvent estate, was not directly involved in either of them. The principles applied in the present case, as well as in other cases above cited, are in conflict with the law as stated in *Haskell* v. *Bissell*, 11 Conn. 173, and that case is overruled.

The trial court rightly held that upon the facts stated in the complaint and answer in the case before us the mortgage was invalid as against the defendant.

There is no error.

In this opinion the other judges concurred.