## THE UNIVERSAL ROAD MACHINERY COMPANY *vs.* JAMES D. SKINNER ET ALS.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

The statutes relating to conditional sales of personal property were designed to remedy the evils attendant upon retention of title in the vendor without notice to creditors and others dealing with the vendee, and should be construed to effect that purpose.

A receiver or trustee in bankruptcy or insolvency appointed to administer the estate of a vendee under a defectively executed or unrecorded conditional bill of sale, is not the vendee's "personal representative" within the meaning of § 4746 of the General Statutes and, therefore, as to him the sale is an absolute one.

If a debtor assigns his property to his creditors voluntarily and without consideration, the assignees acquire no greater rights therein than the debtor himself had; but if the assignment is for value, as in the present case, where all but one of the creditors released their claims against the debtor and their attachments upon his property, they, or a committee of them to whom the assignment is made on their behalf, stand in the position of purchasers and are not the debtor's "personal representatives" in the sense that a creditor who did not assent to the arrangement can enforce a defectively executed or unrecorded conditional bill of sale against them.

Argued January 19th—decided March 2d, 1927.

ACTION of replevin to recover the possession of certain machinery, brought to the Superior Court in Fairfield County and tried to the court, *Baldwin, J.;* judgment for the defendants upon the complaint, and to recover $854 upon their counterclaim, from which the plaintiff appealed. *No error.*

*Louis Weinstein,* for the appellant (plaintiff).

*Arthur M. Comley,* for the appellees (defendants).

HAINES, J. On July 24th, 1924, the plaintiff, a New York corporation, and the Karm Terminal Coal Com-

pany, organized under the laws of Connecticut and located at Bridgeport, entered into a contract for the purchase by the latter from the former of certain coal machinery. The terms of the contract were contained in a certain writing conceded to be in legal effect a conditional bill of sale. It appears from the record that the purchase price was to be $2,396. Of the amount, $200 was paid when the order for the machinery was given, $200 was to be paid upon the arrival of the machinery at its destination, and the balance in three notes of two months each with interest at six per cent. The only payment in fact by the vendee was $200, made at the time of the order. The writing referred to was not acknowledged before competent authority and was not recorded until March 9th, 1925. Prior to February 3d, 1925, the vendee became insolvent and its property, including the machinery in question, was under attachment by some of the creditors, and it was threatened with bankruptcy. This latter result being imminent, it was sought to avoid it by assigning all the assets of the company to a creditors' committee for the purpose of liquidation for the benefit of the creditors. To accomplish this certain creditors were to release their claims against the company and forego certain rentals. In pursuance of this arrangement the company, on February 3d, 1925, assigned and gave possession of all its assets, including this coal machinery, to a creditors' committee consisting of three persons. All the creditors of the company with the exception of the plaintiff were parties to this arrangement. Attachments were released and the committee proceeded to liquidate the assets for the benefit of all the creditors. The company was in default upon the written agreement referred to, and on March 17th, 1925, the plaintiff made demand upon it for the balance due under the written agreement or the return of

the machinery. The creditors' committee had been in possession of the machinery since February 3d, 1925, and refused to pay the balance due the plaintiff or to return the machinery. Thereupon the plaintiff obtained possession of the machinery by this action of replevin, at which time its value was $800.

Our statute governing conditional sales of personal property, conditioned that the title thereto shall remain in the vendor after delivery, requires that the contract shall be in writing, describing the property and all conditions of the sale, and acknowledged before some competent authority and filed within a reasonable time in the town clerk's office in the town of the vendee's residence. General Statutes, § 4744, as amended by the Public Acts of 1921, Chapter 116, § 1.

It is further provided that all conditional sales not made in conformity to the above requirements shall be held to be absolute sales, except as between the vendor and the vendee and their personal representatives, and the property shall be liable to be taken by attachment and execution for the debts of the vendee as any other property not exempted by law. General Statutes, § 4746.

The only question presented by the appeal is whether the assignment to the creditors' committee for the benefit of creditors of the Karm Terminal Company makes that committee "the personal representative" of the Karm Terminal Company, thus preserving the title of the plaintiff within the meaning and under the provisions of General Statutes, § 4746, above quoted.

As between the plaintiff and the Karm Terminal Company, the title to this machinery was in the plaintiff. As between the plaintiff and the creditors of the Karm Terminal Company, it is equally clear that the title was in the Karm Terminal Company, and sub-

ject to attachment by the creditors of that company
and to sale upon execution for the satisfaction of their
claims.   This necessarily results from the fact that
the written contract between the plaintiff and the
Karm Terminal Company did not comply with the
terms of our statute.

Our statute was passed to avoid the evils resulting
from conditional sales of personal property with re-
tention of title in the vendor and without notice to
creditors and others dealing with the vendee, and it
should receive a construction which effects that pur-
pose.   While such sales are good as between vendor
and vendee, they are, as between the vendee and such
innocent parties, absolute sales.   *In re Wilcox & Howe
Co.,* 70 Conn. 220, 230, 39 Atl. 163.   The sales agree-
ment between the plaintiff and the Karm Terminal
Company being unrecorded, this coal machinery was
liable to be sequestered by creditors of the Karm
Terminal Company, by attachment and execution, or
by a receiver or assignee in bankruptcy.   Had such
receiver or assignee been appointed, he would have
been the representative of such creditors and not of the
Karm Terminal Company, and would have taken the
property with the same rights as creditors could have
taken it.   *Craig & Co., Ltd.* v. *Uncas Paperboard Co.,*
104 Conn. 559, 567, 568, 133 Atl. 673; *Newtown Sav-
ings Bank* v. *Lawrence,* 71 Conn. 358, 41 Atl. 1054,
42 id. 225; *In re Wilcox & Howe Co., supra; New
Haven Wire Co. Cases,* 57 Conn. 352, 18 Atl. 266;
*Greene* v. *Sprague Mfg. Co.,* 52 Conn. 330; *Shaw* v.
*Smith,* 48 Conn. 306; *Taylor* v. *Atwood,* 47 Conn. 498.

The case at bar presents a somewhat different situ-
ation, because the assignment made for the benefit of
creditors was not made under any provision of law.
In the case of a receiver, a trustee in bankruptcy or
a trustee in insolvency, whether the result of a volun-

tary or an involuntary act of the debtor, the property is put in *custodia legis* and the law directs its administration for the benefit of the creditors.

If we suppose a debtor, as a matter of expediency, sought to avoid bankruptcy, and assigned its property voluntarily and of its own motion to a committee to be appropriated by that committee to the settlement of the creditors' claims, the right of a court to appoint a receiver or a trustee in bankruptcy still remains. The right of a creditor to attach the property and to enforce his claims against his debtor also remains unaffected. Clearly in such case the assignee has no more rights than the debtor had.

This is illustrated in an early case in this State cited by the appellant, where it was held that a general assignment made voluntarily by the debtor put the assignee in the same position as the debtor had been and subject to the same equities. The reasoning is that the assignee is not in the position of a bona fide purchaser who has, without knowledge, *advanced his money upon the face of a clear and perfect title in the vendor,* but rather a volunteer, taking what the bankrupt has to assign, nothing more or less. *Palmer* v. *Thayer,* 28 Conn. 237, 245; citing 2 Story's Equity Jurisprudence [Ed. 1866] §§ 1228, 1229, and *Mitchell* v. *Winslow,* 2 Story (U. S.) 630, 638.

Even in that case if the debtor had fraudulently conveyed away property before the assignment, the assignee so far represented the creditors that he could procure the setting aside of the fraudulent conveyance. *Minor* v. *Mead,* 3 Conn. 289; *Booth* v. *Patrick,* 8 Conn. 106; *Swift* v. *Thompson,* 9 Conn. 63; *Andruss* v. *Doolittle,* 11 Conn. 283, 286.

In the citation above given Judge Story says (§ 1229): "But there is a clear distinction between the case of such a general assignment for the benefit of

creditors generally, and a particular assignment to specified creditors for their particular security or satisfaction. The former are deemed to take as mere volunteers, and not as purchasers for a valuable consideration, strictly so called. The latter, if a conveyance of property has been actually made, and they have no notice of the purchase money being unpaid to the vendor, are deemed entitled to the same equities as any other bona fide particular purchasers." See also *Mitchell* v. *Winslow, supra; Pratt* v. *Wheeler,* 72 Mass. (6 Gray) 520; *Bayley* v. *Greenleaf,* 20 U. S. (7 Wheat.) 46, 56; *Warren* v. *Fenn,* 28 Barb. (N. Y.) 333, 334; *Dows* v. *Dennistoun,* 28 Barb. (N. Y.) 393, 401; *Watson* v. *Wells,* 5 Conn. 468, 472. The distinction between a voluntary general assignment by the debtor without consideration and an assignment for which a consideration is paid, appears also in a citation by the appellant: "Neither an assignee of an insolvent debtor under a voluntary deed of assignment, nor the creditors whom he represents, in so far as he may be said to represent them, are purchasers for a valuable consideration without notice, as against prior equitable claims, *unless some consideration passes at the time of the assignment.*" 5 Corpus Juris, p. 1188, § 272.

In the instant case, the debtor has voluntarily assigned its property to the committee appointed by its creditors to be applied to the payment of their claims. But it is an assignment *upon consideration.* The attaching creditors released their claims to the debtor and released their attachments upon the debtor's property. They have surrendered valuable legal rights in exchange for the assignment. They are in the same position they would have been had they purchased the property of the debtor and paid for it in cash. If they had thus purchased it, they would have obtained a clear title, subject to such rights as the law might give to a

nonassenting creditor. Their legal status is not changed if, instead of buying the property individually, they take the property in the name of a committee and surrender their claims. Their legal status is not changed from what it would have been if they had taken the property directly to themselves. Here the committee is a representative of these particular creditors in every respect and gets exactly the same rights these creditors would have received if they had personally taken over the property. But it is said the plaintiff was also a creditor and as such has not assented to the assignment. It is true the plaintiff, under these circumstances, may not be compelled to look to the committee for the payment of its claim. It has lost its particular right to hold the title, but, all the rights which the law gives to a nonassenting creditor remain to it, and whatever it now does as a nonassenting creditor, it must do as such creditor only. Its former rights against the debtor under the conditional bill of sale are gone. The creditors' committee is the personal representative of all those creditors who assented to the arrangement, within the meaning of the statute, and the property is freed from any claim of ownership by the plaintiff under the conditional bill of sale. The ruling of the trial court was correct and the judgment is affirmed.

There is no error.

In this opinion the other judges concurred.