DUPARQUET, HUOT & MENEUSE COMPANY *vs.* WALTER
N. MAGUIRE ET AL., RECEIVERS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 3d—decided December 15th, 1931.

*Robert R. Rosan,* for the appellant (plaintiff).

*John D. Walker,* for the appellees (defendants).

MALTBIE, C. J. The essential facts upon which this
case must be decided may be briefly stated as follows:
The Great Captains' Island, Incorporated, a corpora-
tion, made an agreement with the plaintiff to pur-
chase of it certain equipment and utensils for a res-
taurant. This agreement did not specify the items but
provided that they were to be selected by the corpora-
tion subject to the plaintiff's approval. The agree-

ment fixed a price, subject to increase if more articles were purchased than anticipated; it specified that a certain cash payment should be made and that the balance of the agreed price should be represented by a note; it stipulated that title to the articles should be retained by the plaintiff until complete payment for them had been made; and it also provided that immediately upon the delivery and installation of the articles a conditional bill of sale should be delivered to the plaintiff. Thereafter various articles were delivered to the corporation and many of them were permanently installed as fixtures in the building in which they were to be used. The amount due the plaintiff in cash was paid and the note for the balance was given to it. Later certain articles were delivered back to the plaintiff for safe-keeping under an agreement that this was done without prejudice to its right to receive a conditional bill of sale. The original agreement was acknowledged by both parties before a commissioner of deeds in New York and was recorded in the town clerk's office in Greenwich. No conditional bill of sale as provided in the agreement was ever executed, despite frequent demands by the plaintiff, nor has the note given to it ever been paid. The defendants Maguire and Booth are receivers duly appointed in the United States District Court for the District of Connecticut in a proceeding in equity and the present action is brought against them and the corporation to obtain an adjudication that the plaintiff is owner of the equipment and utensils, for an order compelling the execution and delivery of a conditional bill of sale and for other relief in equity.

The original agreement, while acknowledged and recorded, cannot be given effect as a conditional bill of sale under our statute, if for no other reason, because the articles bought and delivered are not de-

scribed in it, indeed were not ascertained when it was executed. General Statutes, § 4697. As no conditional bill of sale was ever executed and acknowledged as required by the statute, the sale of the articles became absolute except as between the vendor and the vendee and their personal representatives. General Statutes, § 4699. The receivers of the corporation represent its creditors and are not "personal representatives" within this statute. *Universal Road Machinery Co.* v. *Skinner,* 105 Conn. 584, 587, 136 Atl. 468. Under the provisions of the statute, the sale of the articles in question must, as regards them, be held to be absolute. The plaintiff seeks to avoid this result by claiming that, under the circumstances, the articles must be considered to have been held by the corporation in a trust capacity, and the plaintiff's right to them may be enforced against the receivers. It is obvious that, to hold this would be to defeat the purpose of the statute by indirection. The Connecticut cases cited by the plaintiff to support its claim were all decided before the enactment of our statute governing conditional sales of property. Public Acts of 1893, Chap. 147. The plaintiff seeks no relief against the corporation as such.

There is no error.

In this opinion the other judges concurred.