Plaintiff is the divorced wife of Domenico DiBiaso, now deceased. Defendants are Daniel DiBiaso, who is a son of Domenico by a previous marriage, and Douglas B. Johnson, administrator upon Domenico's estate. The couple were married in April, 1918. At that time Domenico had three small children by his previous marriage whom the plaintiff mothered in her role of Domenico's wife. Six children were the issue of the plaintiff's marriage to Domenico.
On June 21, 1944, the plaintiff obtained a divorce decree from Domenico on the ground of intolerable cruelty in the Superior Court for New Haven County. By its terms she was awarded $15 weekly as follows: alimony, $5 a week, and $5 a week for the support of each of two minor children.
Domenico died intestate on March 29, 1950. Thereafter the plaintiff filed a claim against his estate within the time prescribed by law for alleged unpaid weekly instalments due her under the divorce decree. Domenico's administrator disallowed the claim.
In this action the plaintiff is seeking a monetary judgment against the estate, and, in addition, a decree ordering the defendant Daniel DiBiaso to transfer to the estate his interests of record in three pieces of real estate alleged to have been transferred to him at the instance of his father, without consideration, and for the purpose of avoiding payment of the latter's debts, and to effect a concealment of property.
Plaintiff claims, and the court finds, that from the date of the divorce decree on June 21, 1944, to August 1, 1947, Domenico only paid to her the sum of $12 a week. It appears, however, that she accepted these weekly payments, each of which was short $3, without any particular remonstrance or complaint. On this phase it is concluded that the plaintiff should be held to have acquiesced, in the sense of waiver, to the program of reduced weekly instalments.
Plaintiff claims, and the court finds, that from August 1, 1947, to Domenico's death on March 29, 1950, the latter made no weekly payments whatsoever to her under the divorce decree. On this phase the court will not conclude that the plaintiff has *Page 485 
forfeited any rights against Domenico or his estate. Granting that she could have applied to the Superior Court for the issuance of a contempt order, she testified that fear of Domenico prevented her from pursuing such action. The court finds this to be so. During the latter period one of the two minor children, a girl, married on June 23, 1948. This circumstance is held to have reduced Domenico's obligation of $12 a week (per acquiescence of plaintiff) to $7 a week.
There is found due to the plaintiff from the estate the approximate sum of $1189. Computation: 46 weeks at $12 a week; 91 weeks at $7 a week. Interest thereon is allowable from the date of the disallowance of the claim by the administrator to date hereof. The date of disallowance appears to be March 6, 1951. The item amounts to about $61. As against the estate the plaintiff is entitled to a monetary judgment in the total amount of $1250.
The remaining question is whether the plaintiff is entitled to a decree in equity directed against the defendant Daniel DiBiaso as prayed. The record warrants a finding that Domenico over the years took particular pains to keep record ownership of the three properties in question out of his name. Friends and two of his sons, including the defendant son Daniel, joined with him in this project. They made a carnival of the situation. "Where a transfer of property is made with an actual intent to defraud existing or future creditors, it may be set aside." Wilcox
v. Johnson, 127 Conn. 539, 542, and cases cited. The foregoing principle of law is applicable to the situation relating to the various transfers of the three pieces of real estate now standing in the name of the defendant son. The estate of Domenico is insolvent. Obviously he planned it that way. But the court will not assist him in carrying out his project of subterfuge.
There is a line of Connecticut cases which hold that it is the duty of the executor or administrator to institute proceedings to effect that end sought by the plaintiff in the case at bar regarding the conveyances in question. See, for example, Sanford
v. DeForest, 85 Conn. 694, 698, and cases cited; Finnegan v.LaFontaine, 122 Conn. 561, 568, and cases cited. That the plaintiff herself seeks to accomplish this end does not in the court's opinion affect the propriety of such course. The fact that no Connecticut case to date so holds is not deemed a fatal objection to such procedure. "A creditor may also bring appropriate *Page 486 
proceedings in equity to set aside a conveyance by the decedent made in fraud of the creditor's rights, joining in such action the executor or administrator as defendant." 21 Am.Jur. 945, § 1015. Further discussion is not required.
 Judgment may enter for the plaintiff to recover of the estate damages in the amount of $1250 together with a decree directing the defendant Daniel DiBiaso to convey to the defendant administrator his interests of record in the three pieces of real estate in question. Costs to the plaintiff as a matter of course.
Plaintiff's counsel is requested to submit a judgment file for approval and signature within two weeks.