Margaret Grant SCHNEIDER, on behalf of herself and other creditors of the Estate of Harold O. Schneider, deceased,

v.

Elizabeth B. SCHNEIDER, individually and as Executrix of the Estate of Harold O. Schneider, deceased.

Civ. No. 8851.

United States District Court
D. Connecticut.

Oct. 17, 1961.

Robert T. Gilhuly, Stamford, Conn., for plaintiff.

Wiggin & Dana, by William C. Baskin, Jr., New Haven, Conn., for defendant.

BLUMENFELD, District Judge.

The defendant moves under Fed.Rules Civ.Proc. Rule 12(b), 28 U.S.C.A. to dismiss the plaintiff's complaint on the ground that this court lacks jurisdiction over the subject matter of the pending action.

The plaintiff secured a decree of divorce from the decedent in the State of New York on April 18, 1938. On July 20, 1938 he was married to the defendant. He died in 1959 a resident of Connecticut leaving a Will which was admitted to probate by the Court of Probate for the District of Fairfield, Connecticut, and letters testamentary thereunder were issued to the defendant, the executrix named in the Will.

At the time of his death, defaults in payments to the plaintiff which the deceased was obligated to make under the decree of divorce for the support of the plaintiff and her children amounted to

$89,727.16. Accrued interest on these defaults amounted to $58,942.50. The inventory filed by the defendant listed as the only amount of the estate a balance of $909.94 in a checking account.

The plaintiff alleges that the decedent during his lifetime while insolvent and while indebted to the plaintiff made several fraudulent transfers of his property to the defendant to defend the plaintiff's recovery from his estate. This action seeks to impose a constructive trust on that property for the benefit of the plaintiff and seeks other equitable relief and damages.

■ The defendant's motion is grounded on the claim that the Court of Probate for the District of Fairfield, Connecticut, has exclusive jurisdiction over plaintiff's claim for relief. If the present action is one which could not be maintained in a Connecticut court of general jurisdiction, then this court should decline to exercise jurisdiction. Matthies v. Seymour Manfacturing Co., D.C. Conn. 1958, 23 F.R.D. 64, reversed on other grounds, 2 Cir., 1959, 270 F.2d 365, certiorari denied 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 544. Since this is solely a diversity case, this court is, in effect, only another court of the state where it is located. Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 108, 65 S. Ct. 1464, 89 L.Ed. 2079.

In Matthies v. Seymour Manufacturing Co., the defendant there contended that this court had no jurisdiction over the administration of testamentary trusts then being administered in a Probate Court because jurisdiction was vested exclusively in the Probate Court. After a careful and thorough examination of the statutes and Connecticut case law pertaining to the nature and extent of the jurisdiction of the Probate Court of Connecticut, Judge Smith, now Circuit Judge, determined for this court that the Probate Court does not have exclusive jurisdiction over matters before it which are cognizable by a state court having general equity jurisdiction. Mat-

thies v. Seymour Manufacturing Co. (supra) 23 F.R.D. at pages 77, 83. The defendant urges that since the subject matter here is not a testamentary trust, the Matthies case is not controlling.

There is no need to replow the ground so carefully tilled by Judge Smith to establish the general principle that a Probate Court does not have exclusive jurisdiction over matters cognizable by a state court. Our inquiry is narrowed to the question whether the courts of Connecticut would entertain an action by a creditor of a decedent against his executor and transferee to set aside a fraudulent conveyance made by the decedent before his death.

■ The defendant contends that since appropriate proceedings could be taken by resorting to a court of general equity jurisdiction to require the Probate Court to order the executor to whom it has issued letters testamentary to bring such an action therefore jurisdiction to act directly upon the subject matter is exclusively in the Probate Court. The law of Connecticut does not support that contention.

■ A duty is imposed by law upon an executor to inventory fraudulently conveyed property in a decedent's total estate, and to institute all necessary proceedings to recover it. Sanford v. DeForest, 85 Conn. 694, 84 A. 111 (1912). Such an action must be brought in a court of general jurisdiction. Bassett v. McKenna, 52 Conn. 437 (1884). At the very least these cases show that jurisdiction is not exclusively in the Probate Court.

■ Even if at one time there might have been some doubt as to whether a state court had jurisdiction to entertain an action brought by the creditor, there is now a state court decision on all fours with the problem under consideration which counsel failed to cite. In DiBiaso v. DiBiaso, Court of Common Pleas, 17 Conn.Supp. 483, at pages 485, 486 (1952), the court stated:

"There is a line of Connecticut cases which hold that it is the duty of the executor or administrator to institute proceedings to effect that end sought by the plaintiff in the case at bar regarding the conveyances in question. See, for example, Sanford v. DeForest, 85 Conn. 694, 698 [84 A. 111], and cases cited; Finnegan v. LaFontaine, 122 Conn. 561, 568 [191 A. 337], and cases cited. That the plaintiff herself seeks to accomplish this end does not in the court's opinion affect the propriety of such course. The fact that no Connecticut case to date so holds is not deemed a fatal objection to such procedure. 'A creditor may also bring appropriate proceedings in equity to set aside a conveyance by the decedent made in fraud of the creditor's rights, joining in such action the executor or administrator as defendant.' 21 Am. Jur. 945, § 1015. Further discussion is not required."

Although this court is constrained to follow that decision notwithstanding it is by an intermediate court, Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; Stoner v. New York Life Insurance Co., 1940, 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284; West v. American Tel. & Tel. Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Six Companies of California v. Joint Highway Dist., 1940, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114, there is no reason to suppose that the Supreme Court of Errors of the State of Connecticut would decide otherwise. West v. American Tel. & Tel. Co., (supra).

Since the Court of Common Pleas of Connecticut could exercise jurisdiction in this case, this Federal District Court may do so. Matthies v. Seymour Manufacturing Co., (supra) 23 F.R.D. at page 83.

The defendant's motion to dismiss is denied.