GEORGE W. GOODSELL *vs.* MARY SULLIVAN.

A deed was delivered at one o'clock P. M. and not left for record until eight o'clock P. M. of the next day. At seven P. M. of the first day, the land was attached by a creditor of the grantor. The court below found all the facts attending the transaction, and held that the deed was recorded in a reasonable time under all the circumstances. Held that the question was one of fact and that the court below had decided it, and that the decision could not be reviewed by this court.

EJECTMENT; brought to the court of Common Pleas of New Haven County, and tried on the general issue, closed to the court, before *Pardee, J.* The court found the following facts :

The plaintiff claimed title to the demanded premises by virtue of an attachment, and subsequent levy of an execution, against James Kinneen, the attachment having been made on the 6th day of July, 1871. The land is situated in the town of Branford, where the defendant also lived. On the 5th day of July, 1871, and for several months before, the premises were subject to a first mortgage for $212, owned by H. Lynde Harrison, Esq., and to a second mortgage for a smaller amount, owned by Michael Kinneen. On the 5th of July the defendant, who owned an adjacent piece of land, bargained with James Kinneen to purchase his piece, by taking up the mortgages and paying him some $125, the whole price paid by her being $480. . This was all the place was worth.

On the 6th day of July, Michael and James Kinneen and the defendant came together to Mr. Harrison's office in New Haven to execute the agreement. A warranty deed was drawn by Mr. Harrison's partner from James Kinneen to the defendant, and the money balance coming due to him was paid to him on that day between one and two o'clock in the afternoon; but Mr. Harrison being out of town, his interest could not be quit-claimed that day. The parties therefore left the warranty deed in the hands of Mr. Harrison's partner, to be used by him in drafting the quit-claim deed, and the following day, July 7th, Mrs. Sullivan and Michael

Kinneen came into Mr. Harrison's office again, when, about 2 o'clock P. M., the quit-claim deeds from Mr. Harrison and from Michael Kinneen to James Kinneen were executed, and with the warranty deed from James Kinneen to the defendant, were placed in her hands, and she the same evening, at 8 o'clock and 20 minutes, left them for record with the town clerk of Branford.

The two quit-claim deeds, although executed and delivered on the 7th of July, being to James Kinneen as grantee, were, in fact, ante-dated to July 5th, so as to have it appear by the records that all the title conveyed by the deeds vested in the defendant.

On the 6th day of July, at 7.20 o'clock P. M., the plaintiff's certificate of attachment was lodged by the officer for record with the town clerk, in a suit against James Kinneen. The defendant knew nothing of the attachment until several days thereafter, but on the evening of July 5th had caused the records to be examined.

The plaintiff claimed that the warranty deed from James Kinneen to the defendant was left with Mr. Harrison's partner on the 6th of July as an escrow, and was not, in fact, delivered to the defendant until July 7th between 1 and 2 P. M., and after the plaintiff's attachment. The court found that the deed was not delivered as an escrow, but was in fact delivered to the defendant July 6th, about 2 o'clock P. M., and left by her for use in drawing the quit-claim deeds.

The plaintiff further claimed that if the deed was in fact delivered at 2 o'clock P. M., the plaintiff's attachment at 7.20 P. M. of the same day would hold the property.

The court held that the deed of the defendant was recorded in a reasonable time under all the circumstances, and rendered judgment upon the facts for the defendant. The plaintiff brought the record before this court by a motion in error.

Sundry other facts were found which it is not necessary to state, as the questions arising upon them are not considered by the court.

*L. E. Munson* and *J. E. Russell*, for the plaintiff.

Foote *v.* Percy.

*H. L. Harrison*, for the defendant.

CARPENTER, J. The facts found by the court below show conclusively that in no event is the plaintiff entitled to a judgment in his favor. The defendant received her deed before the plaintiff's attachment, and caused it to be recorded in a reasonable time. That finding, being, as it is, upon a question of fact, is conclusive. We can neither review it, nor say as matter of law, from the facts stated, that the deed was not recorded within a reasonable time.

The view we take of this question renders it unnecessary for us to consider the other questions discussed, and which relate to the sufficiency of the constable's bond, as the plaintiff, admitting the officer to be duly qualified, acquired no lien by his attachment. The judgment was right therefore irrespective of the error, if there was one, in that branch of the case, and must be affirmed.

In this opinion the other judges concurred.