## DAVID APSTEIN vs. CLARA SPROW.

Third Judicial District, New Haven, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A deed which is recorded within a reasonable time after its delivery, takes priority over an attachment made after the delivery but before the recording of the deed; and the question of what constitutes a reasonable time is one of fact, upon which the finding of the trial court is conclusive.

An appellant cannot raise questions of law in this court which he did not make in the court below.

In the present case the parties were at issue as to whether the plaintiff's attachment of certain real estate took precedence of a conveyance from the owner to the defendant; and both parties stated to the court at the opening of the trial, that the determination of that question depended solely upon whether the deed to the defendant was recorded within a reasonable time. *Held* that the plaintiff was not now entitled to a change of the finding in order to enable him to raise the question whether there had been a valid delivery of the deed prior to his attachment, notwithstanding he made such a claim in his closing argument.

Argued January 18th—decided February 21st, 1917.

ACTION to foreclose a judgment lien and for possession of the premises, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Henry E. Shannon,* for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom was *Charles H. Shapiro,* for the appellee (defendant).

THAYER, J. The plaintiff, on April 8th, 1915, caused to be recorded in the Bridgeport land records a certificate of lien upon the land now in question, based upon a judgment for $350 which had been rendered in his

favor on April 1st, 1915, against Mary Staib. This action is brought to foreclose that lien.

Prior to January 9th, 1915, Mrs. Staib owned this land, and on that day she accompanied the plaintiff to New York City with the purpose of exchanging it for real estate in that city. The exchange was not made because the owner of the New York property was unable to show a satisfactory title. When the proposed exchange of real estate fell through, Mrs. Staib decided to convey her Bridgeport property, now sought to be foreclosed, to her daughter, the present defendant, who resides in Ohio, and accordingly went to an attorney in New York on January 11th, 1915, and signed a deed of the land to her daughter. She did not then acknowledge the deed, but left it with the attorney to be held till further orders. On the same day she wrote to her daughter that she would convey the property to her if the latter would support her for the remainder of her life. The plaintiff, after the failure to arrange for the exchange of the Bridgeport for the New York property, continued his endeavor to effect the exchange, and on January 18th, 1915, again went with Mrs. Staib to New York to consult another attorney as to the title of the New York property. On January 20th, that attorney advised Mrs. Staib that the title was not satisfactory, whereupon, upon the same day, she sent for the deed which she had left with the attorney who drew it, acknowledged the same, and immediately delivered it to the attorney whom she had last consulted with reference to the New York property, with directions to have it recorded in Bridgeport, and sent to her daughter, the defendant. These instructions were carried out by the attorney; the deed was recorded on January 22d, 1915, and immediately thereafter sent to the New York attorney, and by him sent to the defendant, and was received by her in due course of mail.

On January 21st, 1915, the land was attached by the plaintiff, in the suit which has been mentioned, as the property of Mrs. Staib.

The question between the parties is whether the attachment has priority over the conveyance from Mrs. Staib to the defendant. The case seems to have been tried and decided in the Court of Common Pleas as if its decision turned upon the question whether the deed to the defendant was recorded within a reasonable time. Admittedly it was not recorded until the day following the date of the attachment, and a conveyance which is not recorded until after an attachment of the property conveyed is not good against the attaching creditor, where the latter had no knowledge of the conveyance at the time he attached, if the delay in recording was unreasonable and is unexplained. *Pond* v. *Skidmore*, 40 Conn. 213, 222; *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 364, 41 Atl. 1054, 42 id. 225. But a deed recorded in a reasonable time after delivery prevails over an attachment made after the delivery of the deed but prior to the recording of it; and what is a reasonable time is a question of fact for the trial court, and its finding is conclusive. *Goodsell* v. *Sullivan*, 40 Conn. 83, 85.

The court in the present case has found that the defendant's deed was recorded within a reasonable time. This is decisive of the case, if its decision depends only upon the question whether the deed was recorded within a reasonable time. The finding was prepared upon this supposition. But the plaintiff, in his assignments of error in his appeal, charges the court with error in holding that there was a delivery of the deed to the defendant prior to the attachment, and in holding that the deed, which it is alleged in one assignment of error was a gift and in another was for the consideration of future support, was valid as against the plain-

tiff as an existing creditor; and he asks for changes in the finding to enable him to support these claims. It is clear from the evidence, which he has made part of the record, that no such claims as the two last mentioned were made by him in the trial court; for when the defendant's counsel was proceeding to show what the consideration of the deed was, the plaintiff's counsel objected, and stated that it was unnecessary to go into that as he had not raised it upon the pleadings. The plaintiff cannot now raise a claim which he did not make in the court below and which he there disclaimed.

As to the claim that there was no delivery of the deed prior to the attachment, the court has found that at the opening of the trial the opposing attorneys stated to the court that the only question in the case was whether the deed was recorded in a reasonable time after its execution, and that upon his opening argument the plaintiff's attorney made the same statement, claiming that the deed was executed on January 11th and recorded on January 22d and so was not recorded reasonably. In the plaintiff's draft-finding the court was asked to find that the deed was executed on January 11th, acknowledged on January 20th, and recorded on January 22d, and the court finds that in his closing argument the plaintiff's attorney claimed that there was no delivery of the deed. Upon the pleadings the question of delivery of the deed could have been raised, but it seems clear that the plaintiff had no intention of raising it until after the evidence was all in and his counsel had made the opening argument. Clearly, upon the court's finding, the deed. was not executed until January 20th, when the grantor's acknowledgment was taken. It appears that upon that day Mrs. Staib called for the deed, which had been prepared and signed on the eleventh of January and left with directions to hold for further orders with the

lawyer who drew it, and acknowledged it as her deed. The court finds what instructions were then given by her as to its disposition, but it does not find specifically that it was delivered, or the date of delivery. There seems to have been no conflict of testimony as to the time and manner of execution. The court doubtless understood that it was executed and delivered on the 20th of January, and if it had understood that the question was controverted it would have been its duty to find that the deed was delivered to the defendant, and the date of delivery. The trial judge must have determined the date of its execution and delivery in his own mind before he found that it was recorded within a reasonable time. It is apparent that the deed was delivered to the attorney for the use of the grantor's daughter. This is the natural conclusion from the circumstances and the directions given. The plaintiff is not now entitled to a change of the finding to enable him to raise the question whether the deed was delivered prior to the attachment, having made the statement at the opening of the case that the only question between the parties was whether it was recorded in a reasonable time.

There is no error.

In this opinion the other judges concurred.