HARTWIG D. NEWMAN ET AL. *vs.* FRANCIS J. GAUL.

Third Judicial District, New Haven, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

The general rule that an attaching creditor obtains a lien only upon such interest in real estate as the debtor had at the time of the attachment, does not apply to exceptional situations involving fraud, or the debtor's insolvency, or the failure of a prior incumbrancer or grantee to comply with the recording statutes.

A lease for one year, though unrecorded, is binding upon third parties; and therefore, in a suit to foreclose a mortgage subsequent to the lease, the lessee is not a necessary party nor are his rights affected by the judgment.

The assignee and equitable and bona fide holder of a judgment may, under § 5655 of the General Statutes, sue thereon in his own name, or, if he so elects, in the name of his assignor; and, under §§ 5235 and 5236, he may cause to be recorded in his favor a judgment lien which is foreclosable or redeemable in the same manner as a mortgage.

The bona fide assignee of the claim of an attaching creditor obtains all the security of the attachment and all the rights of enforcement which the assignor would have had if the claim had not been assigned.

If the assignment is made subsequent to a judgment of foreclosure rendered in a suit by a prior incumbrancer, the assignee succeeds to the assignor's right of redemption; and if he redeems, he may file a certificate of foreclosure in his own name, and may proceed, by execution upon the judgment of foreclosure, to secure possession of the premises as against the owner of the equity; but he cannot, by such execution, proceed to oust a tenant who was not a party to the foreclosure and who is in actual occupation under an unrecorded lease for one year, granted prior to the mortgage, and containing an option to purchase and a provision for reimbursement for improvements made by him upon the premises.

Under such circumstances, the rights of the tenant created by the lease must be adjudicated in an appropriate action, such as ejectment, before he can be excluded from possession.

A subsequent incumbrancer who redeems mortgaged premises is not bound by an agreement, of which he has no notice, between the owner of the equity and the mortgagee, whereby the latter agrees that, if he acquires title by foreclosure, he will at a later date reconvey the premises to the owner upon the payment of the mortgage indebtedness.

Argued January 21st—decided April 22d, 1925.

SUIT for an injunction to restrain the execution of a judgment of ejectment, for damages, and for other equitable relief, together with a cross-complaint by the defendant for damages, brought to the Superior Court in Fairfield County and referred to the *Hon. William M. Bennett,* a State Referee, who heard the parties and reported the facts; the court, *Banks, J.,* accepted the report and rendered judgment for the defendant on the complaint and for the plaintiffs on the cross-complaint, from which the plaintiffs appealed. *Error in part.*

*Horace M. Gray,* for the appellants (plaintiffs).

*Raymond E. Hackett,* for the appellee (defendant).

HAINES, J. The essential facts as disclosed by the record are that the plaintiff Newman owned the real

estate in question, with dwelling thereon, on May 3d, 1920. There was then a mortgage upon the property for $10,000, held by the Norwalk Savings Society. On that day Newman leased the premises to the plaintiff Baker for one year to May 1st, 1921, with right of renewal for two further periods of one year each to May 1st, 1923, and with an option to purchase the property during the term of the original lease or either of the renewals thereof. The original lease was renewed for one year to May 1st, 1922, and again renewed to May, 1923. None of these leases were recorded on the land records of the town of Wilton. On September 17th, 1921, Newman put a second mortgage upon the property for $1,000 in favor of one Wellnitz, and after this mortgage was recorded, three attachments were placed upon the property by the following parties in the order named, who claimed to be creditors of Newman, viz.: Jacob C. Von Heiningen, the Norwalk Hardware Company, and George E. Taylor. The lessee, Baker, was in possession of the property under his lease from Newman, but neither Wellnitz nor the attachment creditors knew of the lease. On January 25th, 1922, Wellnitz brought foreclosure proceedings in the Court of Common Pleas for the county of Fairfield, making Newman and Von Heiningen defendants. The other attachment creditors, the Norwalk Hardware Company and George E. Taylor, were later made parties defendant, and each appeared by counsel in the foreclosure proceeding. On May 5th, 1922, a foreclosure judgment was entered in favor of Wellnitz, by stipulation of all the parties to the action, for $1,333.59 and costs, and the law-days for the respective defendants were fixed as follows, viz.: for Newman, May 22d, 1922; for Taylor, May 23d, 1922; for the Norwalk Hardware Company, May 24th, 1922; and for Von Heiningen, May 25th, 1922. The judgment provided further, that the defendant Newman

deliver up to the plaintiff or redeeming incumbrancer, the possession of said mortgaged premises, with stay of execution until May 26th, 1922.

After the beginning of this foreclosure action, and about February 1st, 1922, Newman and Baker together left for the Pacific coast, and did not return till about June 22d, 1922. Before leaving, Newman retained counsel to appear for him and look out for his interests in the foreclosure suit. However, he did not furnish his counsel with money to redeem the property upon the law-day assigned him, May 22d, 1922, and though his counsel called his attention to the need of it, by letters and telegrams, none was received by them for that purpose. They then explained the situation to Wellnitz, and told him that Newman was absent from the State and not likely to return before the said law-day. Wellnitz thereupon promised that if the title to the property should come into his (Wellnitz's) name, by reason of the foreclosure proceedings, he would later convey it to Newman or his counsel, upon the payment by Newman of the amount which the latter owed him. No provision was made in this agreement for the payment of the claims of the attachment creditors, and they were not consulted and were not aware of the agreement, nor did Gaul, the present defendant, or his counsel, learn of the agreement before redeeming the property.

On May 19th, 1922, the defendant, Gaul, through his counsel, purchased all the rights and interests of the three attachment creditors, including their attachments and rights of redemption in the foreclosure judgment, and took written assignments thereof. These assignments were recorded May 29th, 1922, in the land records of the town of Wilton. In addition to these written assignments, Taylor and the Norwalk Hardware Company, each indorsed to Gaul the notes re-

spectively held by them upon which the actions against Newman had been brought. Gaul, by his counsel, paid the full amount of the claim of Von Heiningen, $120.-72, of Taylor, $335.00, and of the Norwalk Hardware Company, $196.04. None of these attachment suits had gone to judgment at the time of the assignments to Gaul, and whether judgments were afterward taken out does not appear. In making these purchases of the interests of the attachment creditors, Gaul, by his counsel, represented to them that the purchases were made in the interests of Gaul, and no representation was made that it was being done in the interest of Newman or in Newman's behalf, and no fraud was practiced by Gaul or his counsel. After the execution and delivery of these assignments, counsel for Gaul notified counsel for Wellnitz, and the latter notified counsel for Newman, before the latter's law-day had passed, that it was the intention of Gaul, as the assignee of some one of the attachment creditors, to redeem the premises in question in the event that Newman failed to do so. Newman did fail to redeem the premises on his law-day, May 22d, 1922, and on the law-day of Taylor, May 23d, 1922, no one offered to redeem, but on May 24th, 1922, the law-day limited to the Norwalk Hardware Company, Gaul, by his counsel, claiming as assignee of the right of redemption of that company, paid Wellnitz the sum of $1,333.59 with interest and costs, being the amount due Wellnitz under his foreclosure judgment, and an attorney fee in addition. Wellnitz accepted this sum and indorsed the following on the back of his mortgage note and delivered the note to counsel for Gaul: "The within note has this day been paid in full by Cummings & Lockwood, attorneys for Francis J. Gaul, as assignee of the Norwalk Hardware Co., the mortgage securing

said mortgage note having been redeemed on behalf of said Gaul and said Norwalk Hardware Co."

Wellnitz was not influenced or misled in any way by Gaul, or the counsel for Gaul, but knew that Gaul was acting for and in his own interest and not in the interest of Newman, and Wellnitz acted in this matter on the advice of counsel. It does not appear whether Newman or his counsel intended to redeem the property on his law-day, May 22d, 1922, nor does it appear that anything which was said or done by Gaul or his counsel, in any way influenced Newman or his counsel, to let Newman's law-day pass without redeeming.

On May 26th, 1922, counsel for Gaul prepared a certificate of foreclosure which was filed May 29th, 1922. On June 16th, 1922, counsel for Gaul, as assignee of the Norwalk Hardware Company, obtained an execution for the possession of the premises in question, in favor of the Norwalk Hardware Company, as redeeming incumbrancer, from the Court of Common Pleas wherein the foreclosure action was adjudicated. This directed that "Newman, defendant, and all persons claiming from or under him," be put "out of possession thereof," and that the "said Norwalk Hardware Co., the redeeming defendant incumbrancer, or any person under it," be put "into quiet and peacable possession thereof." This execution was served on June 16th, 1922, at which time neither Newman nor Baker had returned to the State. Friends and servants of Baker who were in actual possession, were put out of possession and a padlock put upon the house, but no personal property was removed. One of the servants of Baker was then put in possession as a caretaker, and given the key to hold the premises for Gaul. Upon the return of Baker about June 22d, 1922, he demanded and obtained the key from Gaul's caretaker, and at once entered again into possession

and has since so remained, and now claims a right of possession against Gaul. On July 6th, 1922, counsel in behalf of Newman and Baker brought the present action, asking for damages; that the defendant, Gaul, be restrained by injunction from serving the execution putting the plaintiffs out of possession; to ascertain the amount equitably due to Gaul; that Gaul be enjoined from incumbering or disposing of the property, and that he be required to deed it to the plaintiffs, Newman and Baker, or either of them, upon payment of such sum as is found to be equitably due to Gaul.

Before the foreclosure suit was brought by Wellnitz, he knew that Baker was in possession of the premises and paying rent therefor, and that he owned personal property on the premises, but he did not know of any lease held by Baker, or the terms upon which Baker was holding. While occupying the premises, Baker paid about $14,000 for improvements upon the property under a verbal agreement with Newman that if his option of purchase was not exercised, Newman would reimburse him for this expenditure. The value of the premises is in excess of all the incumbrances thereon, above referred to.

After a demurrer to the special defense and counterclaim was overruled (*Marvin, J.*), the issues of fact were closed, and by stipulation the case was referred to a State Referee for a finding. The report of the State Referee was filed June 7th, 1924. The plaintiffs filed a remonstrance to the acceptance of the report, to which remonstrance the defendant demurred, and this demurrer was sustained and the report accepted (*Banks, J.*). Thereupon, a temporary injunction which had been issued at an early stage in the case, was dissolved, and judgment was rendered for defendant, Gaul, for his costs, and the plaintiffs appealed to this court.

Underlying the twenty-two reasons which are assigned on this appeal, are two questions of controlling importance: (1) Upon the entry of the judgment of foreclosure, what were the respective legal rights of Newman, the owner of the equity, and Baker, his lessee, on the one hand, and Taylor, the Norwalk Hardware Company and Von Heiningen, attachment creditors, on the other; and (2) what effect did the assignment to Gaul and his subsequent action, have upon those rights?

When judgment was entered in the foreclosure suit, the only parties who had a record interest in this real estate were Newman, the owner; the Norwalk Savings Society, holder of the first mortgage; Wellnitz, the holder of the second mortgage for $1,000; and the three attachment creditors of Newman, Taylor, the Norwalk Hardware Company, and Von Heiningen. All these, save the first mortgagee, were parties of record to the foreclosure action, appeared therein by counsel, and were of course concluded by the decree. The plaintiff, Baker, during all this time, had an interest in the real estate under the lease from Newman, with option of purchase, and was in possession of the premises, though the leases were never recorded. When the foreclosure suit was brought, none of the parties to it, save Newman, had notice of the existence of these leases in fact or in law. Nor does it appear that Baker, though he knew of the pendency of the action, ever took any steps to protect his interests in any way, either by recording his leases, seeking to become a party to the suit, or by bringing his claim to the attention of any party to the action, directly or indirectly. He did not know till his return to the State, however, that a decree of foreclosure had been entered.

In these circumstances, Newman failed to redeem on his law-day, May 22d, 1922, and in accord with the

legal and proper provisions of the judgment, he and his heirs and assigns were foreclosed and forever barred of all equity to redeem, and this equity thus cut off, could not be recalled.

In the meantime the defendant, Gaul, had purchased all the rights and interests of the three attachment creditors, and thus for the first time appears as a party claiming an interest in the premises. While it was at first alleged by the present plaintiffs, that the entry of Gaul into these proceedings was attended by sundry false and fraudulent representations, this contention was later dropped, and we are to deal with him as a claimant acting in good faith. By an attachment of real estate, the plaintiff, in general, obtains a lien upon such interest in the property as the defendant had at the time of that attachment. *Fosdick* v. *Roberson*, 91 Conn. 571, 100 Atl. 1059. In certain cases, however, where there has been fraud, or where the landowner has become insolvent, there may exist a right in equity to set aside intervening conveyances, in favor of creditors. So too, where the statute requires that a conveyance be recorded, and this is not done, an attaching creditor without notice obtains precedence of the holder of that conveyance. *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 364, 41 Atl. 1054, 42 id. 255; *Sanford* v. *DeForest*, 85 Conn. 694, 84 Atl. 111. In the present case, the law did not require Baker to record his leases, for the reason that each was made for the term of one year only. General Statutes, § 5097.

When the lease to Baker was made, May 3d, 1920, the only claim preceding it was the mortgage to the Norwalk Savings Society for $10,000. Thereafter, on September 17th, 1921, the mortgage to Wellnitz was given for $1,000, so the latter also took subject to the first mortgage, and to the lease to Baker as well. Fol-

lowing this, when the three attachment creditors obtained liens upon the property, they were, respectively, claims upon such interest as remained in Newman, and that only.

This being the order of precedence thus established, it follows that it was not necessary to make Baker a party to the foreclosure suit; his claim was a prior one, and like the first mortgage, was not affected by the foreclosure proceedings. When the judgment of foreclosure was entered, it resulted that any of the parties defendant who redeemed, could, by paying the subsequent incumbrances of those who were also defendants, obtain title to the property, subject, however, to the respective rights of the Norwalk Savings Society as first mortgagee, and of Baker, the lessee in possession. General Statutes, § 5202.

As we have seen, Newman, the holder of the equity, failed to redeem on his law-day, and Taylor failed to redeem on his law-day, and Von Heiningen was paid out by Gaul. The claim and judgment of the Norwalk Hardware Company was bought by Gaul, who took an assignment of all the interest the company had in this foreclosure judgment, and on its law-day, May 24th, 1922, Gaul redeemed the property in the name of the Norwalk Hardware Company, acting as its assignee.

This brings us to a consideration of the legal effect of the action of Gaul and the Norwalk Hardware Company. No claim of fraud appears, nor is there any question but that a valid and adequate consideration was paid by Gaul. He bought and paid for a judgment and took a formal assignment thereof to himself. While at common law, a judgment was not thus assignable so as to vest the legal title in the purchaser, this has been changed in some of the States, and in this State, by statute, and now an assignee, being both the equitable and bona fide owner of a chose in action, not

negotiable, may sue thereon in his own name.   General
Statutes, § 5655; *Hamilton* v. *New Haven,* 82 Conn.
208, 73 Atl. 1.   This, however, does not preclude his
suing in the name of his assignor, if he so elects.
*Smith v. Waterbury & Milldale Tramway Co.,* 99
Conn. 446, 451, 121 Atl. 873, and cases cited.   It is
further provided by statute that one having legal title
to a judgment, whether as assignee or otherwise,
may cause a judgment lien to be recorded in his own
favor in like manner, which shall be as valid as if
recorded by the judgment creditor himself, and such
lien may be foreclosed or redeemed in the same manner
as mortgages upon the same estate.   General Statutes,
§§ 5235, 5236.

In taking an assignment of the entire claim of the
Norwalk Hardware Company, the defendant obtained
with it, all security which attached to it at the time and
all the rights of enforcement which the assignor would
have had if the claim had not been assigned.   *Water-
bury Trust Co. v. Weisman,* 94 Conn. 210, 108 Atl. 550;
*Chestnut-Hill Reservoir Co.* v. *Chase,* 14 Conn. 123.
It has been specifically held in this State, that the as-
signee of a mortgage or of a mechanic's lien, can pro-
ceed in his own right to redeem.   *Swift* v. *Edson,* 5
Conn. 531; *Soule* v. *Borelli,* 80 Conn. 392, 400, 68 Atl.
979.   Gaul was legally empowered to proceed in his
own name or in the name of his assignor, to enforce
the latter's foreclosure judgment and to secure to him-
self the right of redemption which the latter had
obtained by the judgment.   Both when he redeemed
the property in the name of the Norwalk Hardware
Company, May 24th, 1922, and when he filed the
certificate of foreclosure in his own name as assignee
on May 29th, 1922, Gaul was acting quite within his
legal rights.

In view of the conclusions we have reached, it is

unnecessary to consider the legal effect of the assignment obtained from Wellnitz by Gaul, beyond suggesting that he obtained thereby no right to the possession of the premises, for the reason that Wellnitz being paid, the purpose of the suit, so far as he was concerned, was effectuated, and he had no right to demand possession, even from Newman. Gaul got no greater rights than Wellnitz had, and to these, Baker's right of possession was superior. *Throckmorton* v. *Shelton,* 68 Conn. 413, 416, 36 Atl. 805. Wellnitz, by this assignment, parted with whatever interest he then had in the property. It was sold for value to a bona fide purchaser who had no notice of any agreement between Wellnitz and Newman. It should be noted that by this agreement, Wellnitz stipulated that "if the title to the property should come into his name and the said Newman, on his return, should pay to him the amount of Newman's indebtedness to him (Wellnitz) he would convey the premises either to Newman or to Mr. Joseph Gray as trustee for Newman, as the said Newman might desire." This obviously referred to a title which Wellnitz might obtain if none of the defendants redeemed, and not to such title as he had under the mortgage. It follows that as no title was obtained, as contemplated by the agreement, the obligation to convey to Newman or his counsel became of no force or effect. We now find the property subject to the first mortgage, then to the rights of Baker as lessee, and, subject to these, the title now vested in Gaul, and other record claims upon the property removed therefrom. In this situation, Gaul, on June 16th, 1922, obtained from the Court of Common Pleas, an execution for the possession of the premises, upon the service of which, Baker, then in possession under his lease, was excluded from the premises. At that time Baker's lease had not expired and his right

of possession was superior to that of Gaul. It is well, also, to note the provision of the statute which forbids an execution against "any person in possession, who is not a party to said action." General Statutes, § 5204.

It follows from the conclusions we have reached, and we hold, that the title to the premises was legally vested in the defendant, Gaul, at the time the certificate of foreclosure was filed and recorded; that the execution was correctly and properly issued in so far as the plaintiff Newman was concerned, but that the plaintiff Baker was improperly and illegally put out of possession thereunder. In view of our conclusions, it is unnecessary to take up the reasons of appeal specifically, or to consider the intermediate steps taken by the court before judgment. We think these reasons are sufficient to place before us the issue as to all features of the judgment of the trial court.

The claims of the plaintiffs, disclosed by their complaint, are, in effect, (a) that the amount due Gaul be determined and the plaintiffs be given the right to then redeem the property from him, (b) that Gaul be enjoined from incumbering the title or disposing of the property and from the service of the execution, (c) damages, and (d) other equitable relief. It appears from an examination of the allegations of the complaint that there is nothing, at least so far as Baker is concerned, to justify an award of damages, nor is his eviction in any way touched upon by the complaint, so that no damages can be awarded for his illegal dispossession in this case. The conclusion of the trial court, that neither of the plaintiffs is entitled to damages in this action, is correct. In view of our conclusion that Baker was unlawfully dispossessed, the refusal of the trial court to forbid the service of the

execution upon him, or to forbid the selling or incumbering of the title, was erroneous.

We hold that Baker's rights in the premises were superior to the rights of Gaul, both when Gaul obtained his judgment and when the execution was issued and served. These rights, by the terms of his lease, were threefold, viz.: right of possession, right to purchase during the term of the lease, and right of reimbursement for the improvements he had put on the property. Baker being still in possession of the property, a possession which was originally lawful, he cannot now be dispossessed till his present possession, under the conditions now prevailing, is judicially considered, and it is shown that his rights are not now superior to those of Gaul. As to this, Baker is entitled to his day in court. This he will have if and when Gaul, by writ of ejectment or other appropriate action, presents this issue for determination. Before Baker is excluded from the property, he should have an opportunity to meet the question whether any or all the rights which he had under his lease, still exist.

There is no error as to the plaintiff Newman. There is error in part as to the plaintiff Baker. The case is remanded with direction to the trial court to enter judgment for the plaintiff Baker for his costs, and that the defendant Gaul be enjoined from incumbering or disposing of the title or serving the execution upon the plaintiff Baker, till the present rights of the latter in the premises, be adjudicated.

In this opinion the other judges concurred.