## PRUDENT PROJECTS ET AL. *v.* TRAVELERS INSURANCE COMPANY ET AL.
### (2483)

HULL, BORDEN and SPALLONE, Js.

Argued January 18—decision released March 26, 1985

*Andrew Brand,* with whom, on the brief, was *Thomas B. Wilson,* for the appellants (plaintiffs).

*Irving B. Shurberg,* for the appellee (named defendant).

*Richard E. Gruskin* filed a brief for the appellee (defendant Lifetime Drywall Company).

HULL, J. This appeal presents the sole issue of whether, by recording a correcting deed more than three years after the original deed had omitted two of the five parcels of land to be conveyed, the rights of two intervening judgment lien creditors can be avoided. We conclude that the trial court was correct in afford-

ing to the judgment lienors priority over the claimed equitable rights of the grantee under the original deed. The corrected deed included the two parcels originally omitted.

On September 21, 1973, Francis J. and Lucille M. Buvarsky conveyed five parcels of land, situated in Killingly, to Fay Realty Corporation. By deed dated November 19, 1973, and recorded on November 20, 1973, Fay Realty conveyed three of those parcels to Herman Sheppard, Trustee. Consequently, the two omitted parcels were not conveyed, contrary to the intent of the parties. This error was not discovered until after the two judgment liens of the defendants, Travelers Insurance Company and Lifetime Dry Wall Company, had been recorded against all land owned by Fay Realty without notice of the plaintiffs' claimed interest therein.[1]

By the time the error was discovered, Sheppard had already conveyed the property, believing that it included all five parcels, to Riverview Park Associates.[2] In an effort to remedy the error, Sheppard and Fay Realty provided Riverview with a corrected deed which was recorded on December 8, 1976. Riverview and Sheppard subsequently conveyed the property to the named plaintiff, Prudent Projects, on December 11, 1976. On October 31, 1979, Prudent Projects conveyed the property to Gene Mikel and Ray Mikolinski, the two remaining plaintiffs, who are the present owners of the land.

---

[1] In fact, four other judgment liens were also recorded during this period. Those four lienors suffered default judgments in the trial court and are not parties to this appeal.

[2] This deed was not admitted into evidence, nor was it apparently ever recorded. Nonetheless, its existence is acknowledged in a later deed dated December 8, 1976.

From the transcript, we glean that at trial the plaintiffs argued that this action, although formally brought as an action to quiet title, should be viewed essentially as an action for reformation to gain judicial confirmation of the modifications of their ownership interests, already reflected by the prior correcting deed. The plaintiffs have appealed from the trial court's judgment that the defendants each had an interest in the two parcels of land in question by virtue of the judgment liens described above.

An action seeking reformation of a deed is an action in equity. *Patalano* v. *Chabot,* 139 Conn. 356, 359–60, 94 A.2d 15 (1952). As such, before reformation can be granted by the court, equitable relief must specifically be requested by the plaintiffs. Practice Book § 139; *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 327, 355 A.2d 299 (1974). No such relief was requested here and, therefore, the court was limited to a determination of the plaintiffs' claims at law[3] arising out of their complaint for a judgment quieting title in them under General Statutes § 47-31.

General Statutes § 47-10 clearly states, in pertinent part: "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies." In the present case, as against the defendants, there was, in law, no conveyance to Sheppard of the two omitted parcels. Until the record-

---

[3] In fact, had the plaintiffs properly sought equitable relief, their claim would have failed nonetheless. Connecticut, unlike the majority of states, does not allow parties to a reformation to avoid the interests of intervening lien creditors. While most states do allow such a result, this view stems from their consideration of lienors as something less than bona fide purchasers. See annot., 44 A.L.R. 78, 103–104. In Connecticut, however, judgment lien creditors are afforded the status of bona fide purchasers and they do obtain priority in title over grantees under unrecorded deeds. *Apstein* v. *Sprow,* 91 Conn. 421, 423, 99 A. 1045 (1917); *Newtown Savings Bank* v. *Lawrence,* 71 Conn. 358, 364, 41 A. 1054 (1899).

ing of the corrected deed, the owner of record title to the two parcels in question was Fay Realty. "By an attachment of real estate, the plaintiff, in general, obtains a lien upon such interest in the property as the defendant had at the time of that attachment. *Fosdick* v. *Roberson,* 91 Conn. 571, 100 Atl. 1059 [1917]. . . . So too, where the statute requires that a conveyance be recorded, and this is not done, an attaching creditor without notice obtains precedence of the holder of that conveyance. *Newtown Savings Bank* v. *Lawrence,* 71 Conn. 358, 364, 41 Atl. 1054, 42 id. 255 [1899]; *Sanford* v. *DeForest,* 85 Conn. 694, 84 Atl. 111 [1912]." *Newman* v. *Gaul,* 102 Conn. 425, 433, 129 A. 221 (1925). The statute required that a conveyance of the two omitted parcels be recorded. This was not done. To hold otherwise would undermine the clear legislative mandate of the recording act; General Statutes § 47-10; and play havoc with the stability and reliability of land titles in Connecticut. Thus, the trial court was correct in concluding that the defendants' interests take priority over those of the plaintiffs.

There is no error.

In this opinion the other judges concurred.