[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution action involves a two year marriage in which both parties have been married before. The dispute centers around the claims of the plaintiff wife for expenditures she made during the marriage. The defendant husband has denied she is entitled to any recovery, citing payments he made and an alleged agreement as to how the joint expenses of the parties were handled. There was also an antenuptial agreement executed by the parties.
The plaintiff has offered bundles of checks to show expenditures she made, and substantial payments were made on the mortgage on the Florida condominium. However, the plaintiff testified that the agreement of the parties was that the defendant would maintain the Orange home where they resided and she would pay the Florida expenses.
In light of the conflicting testimony and the confusing array of checks, receipts and bills, the court cannot find that either party is entitled to recover as a result of some overpayment or in accordance with some agreement. CT Page 3392
The parties are also in disagreement over the status of the car being used by the wife. It is registered in the defendant's name and he alleges it is one of a series of vehicles he has purchased to re-sell at a profit. The plaintiff claims it was a gift since the defendant provided it for her transportation. On these facts, the court cannot conclude that the car was a gift to the plaintiff and orders it returned to the defendant.
Considering the claims of the plaintiff on equitable grounds affords the court the only basis to address her claimed contribution to the improvement of the defendant's Orange residence. There is no question that the plaintiff's funds were used to buy furniture, carpeting, paint, wallpaper, etc. Much of the money she expended is not recoverable, anymore than is the money expended by the defendant. Nevertheless, the defendant stands to profit by the improvements to the premises which he now continues to enjoy and to use.
While mathematical exactitude may be impossible in valuing damages, the evidence must afford a basis for a reasonable estimate by the trier. Bronson Townsend Co. v. Battistoni,167 Conn. 321, 326-327 (1974) Falco v. James Peter Associates, Inc.,165 Conn. 442, 445 (1973).
The plaintiff's testimony was that she had expended $8,892.00 in doing the house over, including some furniture. With an adjustment to allow for the period of time the couple lived together, the court finds the sum of $5,928.00 represents the value of the benefit to the defendant and this represents a fair and equitable sum for the plaintiff to recover.
The court finds that the jurisdictional requirements have been met, that the marriage has broken down irretrievably, and it is therefore dissolved.
The plaintiff is awarded the sum of $5,928.00 as set forth above.
ANTHONY V. DeMAYO, Judge