[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO DISCHARGE JUDGMENT LIEN
The defendant has filed a judgment lien against a seven acre parcel of land in Brookfield. The record title to the property is in the names of Gary Doski and William D. Clinkard as tenants in common. The judgment lien was filed to secure a judgment by the defendant for $15,008 plus costs against Gary Doski and GA Construction Corporation.
The plaintiff, Long Meadow Heights Associates, is a partnership in which Doski and Clinkard are the two partners. It claims that the land belongs to the partnership even though it is in the names of Doski and Clinkard individually. The deed makes no reference to a partnership. An alternate position of the plaintiff is that even though Doski has record title to one-half interest in the property, he has no monetary interest in it since Clinkard put up all the money to purchase the property and will receive all the net proceeds when it is sold. The partnership owns some adjacent land, and it is claimed that the subject property was also acquired for the partnership, and requests the court to discharge the judgment lien because Doski has no individual CT Page 328 interest in the property, since the judgment is against him individually and not as a partner in the partnership.
If the property was in the name of the partnership on the land records, it would not be subject to attachment or a judgment lien since partnership realty is considered personalty with respect to an individual partner's rights in it. Wheeler v. Polasek, 21 Conn. App. 32, 34; section 34-63(c) of the Connecticut General Statutes. The remedy for attaching the interest of a partner in partnership property is a complaint in the nature of a bill in equity pursuant to section 52-299 of the General Statutes. The creditor acquires the right to call for an account and settlement of the copartnership affairs, and the right to the individual debtor's share in the attached property after the settlement, but subject to prior payment of the copartnership claims and liabilities and the equitable lien of the copartners. Hannon v. O'Dell, 71 Conn. 698, 705.
All of this assumes that the real property belongs to the partnership. For purposes of title to real property, the public is entitled to rely upon record title as disclosed by the land records. Beach v. Osborne, 74 Conn. 405, 412; Hawley v. McCabe, 117 Conn. 558, 564. Record title standing in the names of individual members of a partnership controls with respect to the rights of third persons such as creditors of an individual partner, rather than the intention of the partners as to whether or not the realty is partnership property. 68 C.J.S 511, 512, Partnership, section 72g. An attaching creditor obtains a lien upon the interest that the debtor had in the property at the time of attachment. Prudent Projects v. Travelers Ins. Co., 3 Conn. App. 429,432; Newman v. Gaul, 102 Conn. 425, 433. The plaintiff has failed to produce sufficient evidence or legal authority for the court to discharge the judgment lien against Doski, or to ignore the fact that Doski is the record title owner individually of an interest in the subject property as a tenant in common with Clinkard.
The application is denied.
Robert A. Fuller, Judge CT Page 329