## TOTAL AIRCRAFT, LLC *v.* CARLA NASCIMENTO ET AL.
### (AC 26164)
DiPentima, Gruendel and Dupont, Js.

Argued October 21, 2005—officially released February 7, 2006

*Michael A. Georgetti*, for the appellant (defendant Carlos doNascimento).

*Craig S. Taschner*, for the appellee (plaintiff).

DiPENTIMA, J. In this appeal, we address the rule that requires specific pleading of equitable relief. The defendant Carlos doNascimento[1] appeals from the judgment in favor of the plaintiff, Total Aircraft, LLC, rendered in accordance with a fact finder's report. On appeal, the defendant claims that the plaintiff's failure to comply with Practice Book §§ 10-26 and 10-27 should have precluded its recovery. We disagree and affirm the judgment of the trial court.

The plaintiff brought this action against the defendant and Carla Nascimento in a two count complaint, alleging that they owed it money for services rendered in the maintenance of an airplane owned by Nascimento. Pursuant to Practice Book § 23-53, the case was submitted to the fact finder on the first count only.[2] After hearing the evidence, the fact finder found that there was no formal contract between the parties, either written or oral. The fact finder stated in his report: "Instead, I find a loosely drawn business arrangement that is quasi-contractual in nature and is best characterized as a contract implied-in-fact based on a course of prior dealings between the plaintiff and the defendant from which neither has varied." He then went on to conclude that "[t]he measure of recovery in a quasi-contractual action is the value of the benefit conferred upon such a defendant. This is frequently referred to as a quantum meruit recovery." He then considered the reasonableness of the bill. On August 13, 2004, the fact finder filed his findings of fact, recommending judgment in favor of the plaintiff as against the defendant in the amount of $8691.69 plus court costs. Thereafter, the defendant

---

[1] Judgment was rendered in favor of the named defendant, Carla Nascimento, and, accordingly, she is not a party to this appeal. We therefore refer in this opinion to Carlos doNascimento as the defendant.

[2] Prior to the submission to the fact finder, the plaintiff withdrew the second count.

filed objections to the findings of fact and, on October 6, 2004, the court rendered judgment in accordance with the fact finder's recommendations. The defendant appealed and filed a notice under Practice Book § 64-1 that no memorandum of decision had been filed. On February 4, 2005, the court filed an articulation of its decision.

The defendant claims that because the plaintiff failed to plead specifically its equitable claim of recovery, the court improperly rendered judgment awarding it damages under a quantum meruit theory. In its articulation, the court addressed that issue, stating that "[i]n the instant case, the court finds that the nature of the demand itself indicates that the relief sought is, or at least may be, equitable in nature." We agree with the court that Practice Book § 10-27 does not preclude the plaintiff's recovery.[3]

"The interpretation of pleadings is an issue of law. As such, our review of the court's decisions in that regard is plenary." (Internal quotation marks omitted.) *Provenzano* v. *Provenzano*, 88 Conn. App. 217, 225, 870 A.2d 1085 (2005). Practice Book § 10-27 provides: "A party seeking equitable relief shall specifically demand it as such, unless the nature of the demand itself indicates that the relief sought is equitable relief." In the operative complaint, the plaintiff included the following allegations:

"4. Commencing on or about December 11, 1999, the [d]efendant . . . personally and on behalf of and with the consent of . . . Nascimento engaged the [p]laintiff to render mechanical services, make repairs to and

---

[3] The defendant also refers to Practice Book § 10-26, the rule of practice providing for separate counts, to argue that the plaintiff improperly combined a breach of contract action and an equitable action in one count. Because we conclude that count one alleged an action in quantum meruit, we reject that argument.

provide parts for the [a]ircraft [that was owned by Nascimento]. . . .

"6. On various dates on or after December 11, 1999, the [p]laintiff rendered the mechanical services, made the repairs to and provided the parts requested by [the defendant] for his personal benefit and on behalf of . . . Nascimento and as authorized by . . . Nascimento and charged the reasonable fees and costs incurred for such services and parts to the [c]harge [a]ccount [of Nascimento].

"7. Upon information and belief, at all times complained of herein . . . Nascimento was and is the owner of the [a]ircraft and benefited from the mechanical services, repairs and parts performed and supplied by the [p]laintiff. . . .

"17. Despite demand, the [defendant] . . . and . . . Nascimento have failed to pay [the] [p]laintiff the sums due and owing under the [c]harge [a]ccount.

"18. As a result of the foregoing, [the] [p]laintiff has been harmed."

In its prayer for relief, the plaintiff sought "[m]oney damages . . . costs . . . [i]nterest from and after November 6, 2002 under Connecticut General Statutes Title 37 Section 3a . . . *and [s]uch other and further relief as may be deemed appropriate by the court.*" (Emphasis added.)

Although the plaintiff did not make a specific demand for equitable relief as required under the first part of Practice Book § 10-27, it did include a general prayer for relief from the court. Our Supreme Court has stated that "[a]ny relief can be granted under the general prayer which is consistent with the case stated in the complaint and is supported by the proof provided the defendant will not be surprised or prejudiced thereby." (Internal quotation marks omitted.) *Cottrell* v. *Cottrell,*

106 Conn. 411, 420, 138 A. 458 (1927); see also *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 860, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001). The addition of the general prayer for relief therefore permits the court to fashion a remedy as long as that remedy is in accordance with the plaintiff's stated case. If, as the court determined here, the nature of the plaintiff's demand indicated that the relief sought was equitable in nature and the evidence at trial supported the granting of such relief, then, by extension, the defendant could not have been surprised or prejudiced by the granting of that relief.

The defendant relies on *Bronson & Townsend Co.* v. *Battistoni*, 167 Conn. 321, 327, 355 A.2d 299 (1974), and *Prudent Projects* v. *Travelers Ins. Co.*, 3 Conn. App. 429, 431, 489 A.2d 396 (1985), in support of his argument that because the plaintiff failed to plead, separately and specifically, a count in quantum meruit, recovery in quantum meruit was precluded. His reliance, however, is misplaced. Although both cases refer to the failure to demand equitable relief, they do not address the situation present here: Whether the nature of the plaintiff's demand indicated that the relief sought was equitable in nature in a clear enough fashion so as to fall within the parameters of the second part of Practice Book § 10-27. In *Bronson & Townsend Co.*, the court reversed a quantum meruit recovery on a counterclaim, concluding that the defendant not only had failed to seek recovery under that theory, but had, "in his pleadings, in his brief, in his appendix, and at trial, failed to allege or even to submit any testimony as to what constituted a reasonable bonus, leaving the trial court without basis by which to accord him relief." *Bronson & Townsend Co.* v. *Battistoni*, supra, 327. In *Prudent Projects*, the plaintiff brought a quiet title action but argued for reformation at trial. *Prudent Projects* v. *Travelers Ins. Co.*, supra, 431. The court never

addressed whether the "nature of the demand itself indicates that the relief sought is equitable relief."[4] Practice Book § 10-27.

Here, the allegations of the complaint set forth the nature of the demand as one in quantum meruit.[5] "Where the nature of the case and the nature of the plaintiff's demand is such that equitable relief is clearly being sought, a specific demand for equitable relief is not necessary." *Dorsey* v. *Mancuso*, 23 Conn. App. 629, 634, 583 A.2d 646 (1990), cert. denied, 217 Conn. 809, 585 A.2d 1234 (1991). Unlike the situation in *Bronson & Townsend Co.*, the plaintiff here alleged facts in its complaint that supported recovery in quantum meruit, briefed the equitable claim before the fact finder and submitted evidence on which the court could award it relief under a quantum meruit theory.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The court did indicate that even if the plaintiff had sought an equitable remedy, it would have had no bearing on the ultimate outcome of the case. See *Prudent Projects* v. *Travelers Ins. Co.*, supra, 3 Conn. App. 431 n.3.

[5] "Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered. . . . The pleadings must allege facts to support the theory that the defendant, by knowingly accepting the services of the plaintiff and representing to her that she would be compensated in the future, impliedly promised to pay her for the services she rendered." (Citation omitted.) *Burns* v. *Koellmer*, 11 Conn. App. 375, 383–84, 527 A.2d 1210 (1987).